## SAMUEL D. ROUNTREE v. MRS. C. THOMPSON ET AL.

### Decided December 10, 1902.

**1.—Registration—Proof of Signatures—Death of Subscribing Witnesses.**

A deed appears properly admitted to record when proven for registration by affidavits to the handwriting and death of the maker and subscribing witnesses by a witness who states that he knows the handwriting of such witnesses, "who have both departed this life."

**2.—Deed—Description—"Lower" Line of Survey.**

In a suit to recover the east fourth of a league of land fronting on a river running south 63 degrees east, and bounded by parallel lines running back from the river ten degrees west from a south course, describing such east fourth as reckoned "by running a line at such point west from its east boundary line and parallel with said east boundary line from north to south through said survey as that one-fourth thereof lies east of said line," a conveyance of one-fourth of the league "to be taken off the said league adjoining the lower line of the same by a line running back from the said river lengthwise through said league parallel to and at a sufficient distance from said lower line, so that the area required be included within and between said parallel lines," describes the same land as that sued for.

**3.—Deed or Bond for Title.**

An instrument in form of a bond for title, but which recites that the maker, for a cash consideration received, has "this day sold, assigned, and conveyed" the land described to the covenantee, conveys the legal title to the land.

**4.—Deed—Description—Reference to Another Deed.**

A deed purporting to convey a third of a league and labor survey, the part conveyed being identified as that described in a deed from B. to R., dated March 20, 1850, the only deed from B. to R. offered in evidence, being dated March 13, 1850, and no evidence offered that B. executed but one deed to R., does not identify the land.

**5.—Limitation—Deed Identifying Land.**

To support title to land under the three or the five years statutes of limitation, the deeds under which the claim is made must contain description sufficient to identify the land.

**6.—Limitation—Extent of Claim—Burden of Proof.**

Defendant claiming title to land by two years limitation, against one showing title as an heir, has the burden of showing what the interest of such heir was, in order to sustain his plea as to the part not so inherited.

**7.—Practice on Appeal—Findings of Fact—Written Instrument.**

The appellate court, in its conclusions of fact, can not be required to state testimony consisting of written instruments, nor conclusions of fact therefrom, since such conclusions are of law.

Appeal from the District Court of Llano County. Tried below before Hon. W. D. Slator.

*McLean & Spears* and *Jas. Flack,* for appellant.

*John C. Oatman, E. J. Dalrymple,* and *Chas. L. Lauderdale,* for appellees.

KEY, ASSOCIATE JUSTICE.—From a judgment in favor of the plaintiffs, in an action of trespass to try title, the defendant has appealed. There is very little, if any, conflict in the testimony, and the control-

ling questions in the case arise mainly upon written instruments. Therefore it is unnecessary to make a full statement of all the facts. Appellees claim under the following instrument:

"The State of Texas, County of Colorado. Know all men by these presents, that I, Rezin Byrn, of the county aforesaid, am bound and firmly held unto William W. Thompson, of the county of Travis, his heirs and assigns, in the sum of ten thousand dollars, good and lawful money, for the payment of which well and truly to be made, I bind myself, my heirs and assigns firmly by these presents. And in testimony whereof I have hereunto this day, the twenty-fourth of February, A. D. one thousand eight hundred and forty, set my seal and signature.

"Now, the condition of the foregoing obligation is such, that whereas, I have this day, for and in consideration of one thousand dollars to me in hand paid, the receipt whereof is hereby acknowledged, sold, assigned and conveyed unto the said Thompson all my right and title in and to the one-fourth part of my headright league of land situated in the county of Travis, on the south side of the river Llano, which said fourth is to be taken from off the said league adjoining the lower line of the same by a line running back from the said river lengthwise through said league parallel to and at a sufficient distance from said lower line, so that the area required be included within and between said parallel lines.

"Now then, if I, the said Rezin Byrn, shall make or cause to be made unto the said Thompson, his heirs and assigns, a good and valid title to said one-fourth of a league of land described as above, then and in that case the foregoing obligation to be null and void, otherwise to remain in full force and virtue.

"REZIN BYRN.   [L. S.]

"Witnesses:  Joseph W. McClurg, Willard Wadham."

This instrument was proved up for record by affidavits of the handwriting of the maker and subscribing witnesses; and when offered in evidence, appellant objected to its admission because there was no sufficient affidavit that the subscribing witnesses were dead, and because the instrument does not describe the land in controversy.

These objections were properly overruled. The statement in one of the affidavits is that the affiant "is well acquainted with the handwriting of Joseph W. McClurg and that of Willard Wadham, the two subscribing witnesses to said instrument, who have both departed this life." The other affiant stated that he was well acquainted "with the handwriting of said Rezin Byrn, who is now dead." In our opinion these affidavits state with sufficient certainty that the parties referred to were dead at the time the affidavits were made.

There is no merit in the contention that the instrument under consideration does not apply to the land in controversy. Several objec-

tions are urged to the instrument referred to, and denominated a bond for title; but in our opinion they are without merit. We think the instrument referred to vested in William W. Thompson, under whom appellees claim, not a mere equitable claim, but a legal title to the land in controversy. Gainer v. Cotton, 49 Texas, 121; Owens v. New York and Texas Land Co., 32 S. W. Rep., 189.

The instrument referred to was not recorded in Llano County, where the land is situated, until September 11, 1873; and appellant attempted to show that he was an innocent purchaser, because John P. White and John Ireland, under whom he holds, prior to the registration of said instrument, purchased without notice, from Weston Rowand, assignee in bankruptcy of Leonidas Hardeman, who, appellant contends, held by a complete chain of transfers from Rezin Byrn. One of the links in the chain of title referred to was a deed from Elizabeth Denison to John S. Royall, and described the land as one-third of the Rezin Byrn league and labor survey in Llano County, "which said one-third of said league and labor is more particularly described in a deed of conveyance from said Rezin Byrn to the administratrix of Richard S. Royall's estate, dated the 20th day of March, A. D. 1850." And the only deed offered in evidence from Rezin Byrn to the administratrix of the estate of Richard Royall was one bearing date the 13th day of March, 1850, and not the 20th day of March, as stated in the deed from Elizabeth Denison to John S. Royall; and no evidence was offered tending to show that Rezin Byrn never executed to said administratrix but one deed.

This being the condition of the testimony, we presume the court below reached the conclusion, as a matter of fact, that the deed from Elizabeth Denison to John S. Royall did not describe and convey the land in controversy; and we think the conclusion referred to is supported by the testimony.

As to the three and five years statutes of limitation, we hold that the instruments relied on. by appellant did not sufficiently describe the land to render available those statutes.

As to the contention that appellant was entitled to hold all the land in controversy, as against all the heirs of W. W. Thompson, except such interest as was inherited by the appellee Mary J. Doland, and that the burden was on her to show what her interest was, the answer is, that such is not our understanding of the law. On the contrary, as she established her title, and appellant sought to break it down under his pleas of limitation, we think the burden of proof was upon him in the particular referred to. Wilcoxson v. Howard, 62 Texas, 802.

No error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR ADDITIONAL FINDINGS OF FACT.

Appellant has filed a motion requesting us to file what are termed additional conclusions of fact; but, in the main, the motion is a request

that we state certain testimony consisting of written instruments, such as deeds.

This we are not required to do. There is no conflict in the testimony bearing on the questions referred to in the motion; and, this being the condition of the record, if this court makes a finding of fact without evidence to support it, the Supreme Court will disregard such finding. Therefore, without setting out the testimony upon which the findings are made, we make findings on the issues referred to in the motion as follows:

1. The instrument from Rezin Byrn to Wm. W. Thompson applies to the land in controversy.

2. We hold (as matter of law, however) that the title thus conveyed was a legal title.

3. We hold that the defendants failed to show that John P. White and John Ireland were innocent purchasers of the land.

4. We hold (as matter of law, however) that the plaintiffs did not recover more land than the proof shows they were entitled to.

As stated above, on the issues referred to, there is no conflict in the testimony, the most of which consists of written instruments.

On the third question the motion requests us to find as a fact that the deed from Rezin Byrn to the administratrix of the estate of Richard R. Royall, dated March 13, 1850 (being the first link in appellant's chain of title from Byrn), correctly described the east or lower one-third of the league and labor survey in question, and embraces the land sued for.

This we decline to do. There was no other testimony aiding the description given in the deed referred to, and it is not a question of fact, but a question of law, whether the deed conveys any particular portion of the Thompson league and labor; and as we affirmed the judgment on another ground, we are not required to decide that question. The description in the deed is as follows:

"One-third of a league and labor patented to me by the Republic of Texas, patent bearing date the 18th day of Feby., 1846, and situated on the Llano River about 85 miles north 10 west from San Antonio, said one-third of said league and labor to be taken off from said league and labor as follows, to wit: Commencing in the margin of said river at the northeast corner of said league and labor at a hackberry marked HH, from which a hackberry marked W bears north 66° west 10 varas, and a hackberry marked X bears north 43° east 2 varas; thence with the front line of said league and labor with the meanders of the Llano to a point from which a line drawn and run parallel to the side lines of said league and labor to the back line thereof, and following the said back line to the corner of said league and labor, and then following the side line of said league and labor to the place of beginning."

We are also asked to find, as a fact, that if the deed from the administratrix of the estate of Richard Royall to John S. Royall is sufficient to pass title to the land in controversy, appellant's chain of title is

otherwise regular. The chain of title referred to is set out in the statement of facts, and whether or not it is regular is a question of law. Several objections are urged to it in appellees' brief, one of which we decided in appellees' favor; and therefore deemed it unnecessary to pass upon the others. We still adhere to that view, and leave undecided quite a number of questions of law urged by appellees in support of the judgment.

The motion is in part granted and in part overruled.

Writ of error refused.