### H. B. SANBORN v. CROWDUS BROTHERS & COMPANY.

#### No. 1710. Decided May 29, 1907.

**1.—Deed—Release of Lien—Reformation—Limitation.**

Plaintiff being barred by limitation from maintaining action to reform a previous contract (a release of vendor's lien) concerning the land sued for and once owned by him, on the ground that it was included by mistake, his right to recover depended upon the insufficiency of such instrument to convey title from him. (Pp. 607, 608.)

**2.—Same—Instruments Construed Together.**

S. conveyed certain lots to B., reserving a vendor's lien; later he executed a release to B. reciting (but misdescribing its date) the former deed, the lien, and the payment of the indebtedness secured by it, and that therefore he did "release and forever quitclaim" to B. certain lots described as so conveyed subject to the lien, among which was included a block which was not conveyed by such former deed; this block he now sought to recover by suit, after an action to correct the release for mistake in so including it was barred by limitation. Held, that, though containing apt words to convey title, the last instrument evidenced merely a release of the lien, and did not operate as a conveyance of land described in it not previously conveyed nor incumbered

thereby; that, properly rejecting the misdescription as to date, it sufficiently identified the previous instrument referred to; that the two instruments should be construed together; and that, so taking them, the release did not convey the title of S. to the block in question. (Pp. 608-611.)

### 3.—Practice in Supreme Court—Reversal.

When the grounds on which judgment was rendered can not be sustained, it can not be affirmed on grounds of fact not passed on below unless the proof is conclusive. (P. 611.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Potter County.

Sanborn brought suit to recover land, appealed from a judgment for defendants, and on its affirmance obtained writ of error.

*C. B. Reeder* and *H. H. Cooper,* for plaintiff in error.—The Court of Civil Appeals erred in holding that plaintiff's cause of action was barred by the statute of limitations of four years, the same being an action to recover the title and possession of land. Rev. Stats., art. 3358; Rutherford v. Carr, 87 S. W. Rep., 816; Amaker v. New, 8 L. R. A., 687.

The Court of Civil Appeals erred in holding that appellant could not recover the land in controversy, it having been found by the court that the only instrument conveying title to defendants in error was a release deed and was not intended by the parties to convey title to the land. Elder v. First Nat. Bank, 91 Texas, 423; Culberson v. Blanchard, 79 Texas, 492; Pendarvis v. Gray, 41 Texas, 328; 20 Am. and Eng. Ency. of Law, pp. 826, 827, and notes; Aetna Ins. Co. v. Brannon, 14 Texas Ct. Rep., 208; Boyd v. Moss, 15 Texas Civ. App., 224-228; Moore v. Hazelwood, 67 Texas, 624; Burk v. Turner, 79 Texas, 276; Wallace v. Pruitt, 1 Texas Civ. App., 234-235; Long v. Cruger, 9 Texas, Civ. App., 208; Cobb v. Oldfield, 42 Am. St. Rep., 264-265, 151 Ill., 566; Brown v. Cranberry I. & C. Co., 18 C. C. A. (U. S.), 450-451; 15 Cyc., 708, and cases cited; 11 Am. and Eng. Ency. of Law (2d ed.), p. 400; Cravens v. White, 73 Texas, 579; Vineyard v. O'Connor, 90 Texas, 63; Kirby v. National L. & I. Co., 22 Texas Civ. App., 260; 9 Am. and Eng. Ency. Law, 100, and note 4; 13 Cyc., 515; 2 Black. Com., 324; 3 Wash. Real Prop. (5th ed.), 377.

*Veale & Crudgington, J. N. Browning, Madden & Truelove,* and *Theodore Mack,* for defendants in error.—The suit being in the nature of an equitable action for the cancellation of a deed predicated upon mistake, the four years statute of limitation is applicable. Rev. Stats., art. 3358; Blount v. Bleker, 13 Texas Civ. App., 230; Farmer's Loan Co. v. Beckley, 93 Texas, 267; Crow v. Groesbeck, 39 S. W. Rep., 1004; Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 218; Garvin v. Hall, 83 Texas, 295; Galbraith v. Howard, 11 Texas Civ. App., 241; McCampbell v. Durst, 15 Texas Civ. App., 524; Cooper v. Lee, 75 Texas, 114.

Relief by way of cancellation or reformation is never conferred against bona fide purchasers. Swink v. Motley, 78 Texas, 579; Goree v. Goree, 22 Texas Civ. App., 471; Cook v. Moore, 39 Texas, 255; Jordan v.

McNeil, 25 Kan., 465; Carter v. Allan, 21 Gratt. (Va.), 241; 2 Pom. Eq. Jur. (3d ed.), sec. 776, and cases cited.

A unilateral mistake is not ground for cancellation; there must be a mistake on the part of Sanborn accompanied by fraud or concealment on the part of Buchanan, or mutual mistake on the part of both, before equitable relief is conferred. May v. San Antonio and A. P. Townsite Co., 83 Texas, 502; Custard v. Custard, 25 Texas Sup., 50; Kelley v. Ward, 58 S. W. Rep., 209; Albany Savings Institute v. Burdick, 87 N. Y., 40; Jones v. Flournoy, 37 S. W. Rep., 236; Jackson v. Martin, 73 S. W. Rep., 832; Moore v. Giesecke, 76 Texas, 547; 2 Pom. Eq. Jur. (3d ed.), sec. 870.

If the vendors of Crowdus et al. were innocent purchasers, defendants are entitled to same protection. San Augustine County v. Madden, 87 S. W. Rep., 1059; Mills v. Smith, 8 Wall., 27-32; Commission of Marion Co. v. Clark, 94 U. S., 278-286; American Mortgage Co. v. O'Harra, 56 Fed. Rep., 278; 1 Story Eq., sec. 409; 2 Pom. Eq. Jur., 754; 24 Am. and Eng. Ency. Law (2d ed.), 656.

Cunningham and Stringfellow were innocent purchasers. Dycus v. Hart, 2 Texas Civ. App., 356; Stanley v. Hamilton, 33 S. W. Rep., 602, and cases cited; Richardson v. Levi, 67 Texas, 360; Tram Lumber Co. v. Hancock, 70 Texas, 314; Hill v. Jackson, 51 S. W. Rep., 357.

Instrument of February 20, 1891, is a conveyance. Delvin on Deeds, sec. 16.

On unilateral mistake, and no relief in cases of carelessness or inattention. May v. San Antonio & A. P. Townsite Co., 83 Texas, 502; Custard v. Custard, 25 Texas Sup., 50; Kelley v. Ward, 58 S. W. Rep., 209; Albany Savings Institute v. Burdick, 87 N. Y., 40; Jones v. Flournoy, 37 S. W. Rep., 236; Jackson v. Martin, 73 S. W. Rep., 832; Moore v. Giesecke, 76 Texas, 547; 2 Pom. Eq. Jur. (3d ed.), sec. 870; Fulton v. Colwell, 112 Fed. Rep., 831; Greenhaw v. Combs (Ark.), 85 S. W. Rep., 768; Williams v. Hamilton, 65 Am. St. Rep., 475; Whitworth v. Lowell, 178 Mass., 43; Moran v. McLarty, 75 N. Y., 25; Green v. Stone, 54 N. J. Eq., 387, 55 Am. St. Rep., 577.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiff in error brought this suit to recover of defendants in error the west half of block 352 of the Mirror addition to the town of Amarillo, and lost in the trial court and in the Court of Civil Appeals on the ground that the action was barred by the four years statute of limitation. His original petition sought to recover the property upon the allegation of title, as is usual in trespass to try title. By a pleading afterwards filed, styled a supplemental petition in reply to defensive pleading, he specially alleged the execution and delivery by him of an instrument called a release, including the land sued for, through which the defendants were claiming that the title had been divested out of him and vested in their grantors; that the land in question was included in it by mistake, the nature of which will appear in the further statement; and sought a correction of the mistake. As it is conceded that he was originally the owner of the land and would therefore be entitled to recover unless he had been divested of his title, the question as to the applicability of the four years' limitation depends upon the further question, whether or not

the legal effect of the document referred to was to work such a divestiture unless good grounds for its reformation were alleged and proved. Both the courts below decided that question against him and the holding presents the leading question now before us.

Some time prior to November 26, 1889, plaintiff owned or. was interested in several sections of land near Amarillo which were being platted into blocks and lots for additions to the town. Two of these sections constituted the Holland addition and the Plemons addition. A third section, 155, was still to be platted, and plaintiff and J. B. Buchanan entered into a contract for the purchase by the latter of one-half of it, under which he was to cause it to be platted, to pay $2,400 and to cause certain advertisements of the land for sale to be made in a paper published by him. Sanborn wanted the lots to be sixty feet and Buchanan wanted them to be twenty-five feet in width and it was agreed that those each to receive should be of the dimension desired by him. The land was accordingly platted under the name, "Mirror Addition," and on the date last given a deed was executed by Sanborn to Buchanan, reciting as its consideration $800 cash and two notes for $800 each, payable in twelve and eighteen months, respectively, and conveying, by number, seventy-one or seventy-two blocks in that addition. This deed retains a vendor's lien on certain ones of the blocks conveyed but none on the others. In the list of the blocks on which the lien is retained one is mentioned which is not given in the list of those conveyed. Block 352, which seems to have been divided into lots twenty-five feet in width, is not included in either list. After this. it was learned that, in making this plat, an error had occurred in the location of the dividing lines between the Mirror addition and the Holland addition lying north of it, and the Plemons addition, lying west of it, so that a strip about three hundred feet in width which had been supposed to be within the Holland addition proved to be on the section constitut-. ing the Mirror; while another strip about one hundred feet in width, before believed to be in the Mirror addition, was found to be within the Plemons addition. It was thus ascertained that most of the area now included in block 352 and which had been supposed to be in the Holland addition was in fact in the Mirror addition, only a small part of one lot being in the former.

On the 20th day of February, 1891, Sanborn executed to Buchanan the instrument as to the effect of which the controversy exists and which is as follows:

"Know All Men By These Presents: That, Whereas, I, H. B. Sanborn, of the county and State aforesaid, did on the fifteenth day of March, 1890, execute to J. B. Buchanan a certain deed of conveyance to the following described land and premises, to wit:

"Situated in the County of Potter and State of Texas, being certain blocks and fractional parts of blocks of land out of survey number 155 containing 640 acres of land and located by virtue of scrip number 687, in block 2, originally granted by the State of Texas to James E. Elliott, assignee of Adams, Beaty & Moulton, by patent number 51, volume number 34, being a part of the Mirror Addition to the town of Amarillo, and known as blocks numbers 84, 364, 112, 115, 145, 176, 354, 398, 422, 445, 204, 234, 352, 378, 402, 425, 448, 470, 490, 344,

342, 396, 420, 443, 466, 488, 341, 380, 404, 427, west half of 450, 472, 492, 333, 374, 394, 418, 441, 464, 486, 331, 382, 406, 429, 452, 474, 494, 323, 372, 392, 416, 439, 462, 484, 319, 321, 384, 408, 431, 454, 476, 496, 313, 370, 390, 414, 437, 460, 482, 311, 312, 396, 389, 413, 436, 459, 481, 434, 457, 479, in said addition.

"And Whereas in said deed there was retained by me a vendor's lien to secure the payment of a part of the purchase money, evidenced by two notes of even date therewith for the sum of eight hundred dollars each, and payable one in twelve months and one in eighteen months from date respectively, with interest at the rate of ten percent per annum until paid,

"And Whereas J. B. Buchanan has fully paid off, satisfied and discharged the said two notes, including all interest thereon,

"Now, Therefore, I, H. B. Sanborn, do hereby release and forever quitclaim the said land and premises aforesaid to the said J. B. Buchanan, and declare same released from any lien or incumbrance by reason of said vendor's lien in said deed, and of no further force and effect.

"Witness my hand this Twentieth day of February, 1891.

H. B. Sanborn."

The list of blocks given in this release includes twelve which are not mentioned in the deed of November 26, 1899, block 352, in controversy, being among them, and does not include four which are mentioned in that deed.

The testimony of Sanborn was that no deed had been executed at that date recited in this release and that no other than that of November 26, 1889, had ever been executed by him to Buchanan prior to the date of the release and the trial court so found. The court further found that the land in controversy was included in the release by mistake.

It further appears that soon after this instrument was executed Sanborn, with others who were interested with him in the Holland and Plemons additions, on the one side, and Buchanan and those who had acquired interests under him in the Mirror addition, on the other, exchanged deeds for parcels of land lying along the two lines before mentioned for the purpose of adjusting the difficulties which had arisen from the error in platting, none of which, however, included any part of block 352, except one by which Sanborn and his associates conveyed one lot in that block a part of which lot was shown by the corrected surveys to lie in the Holland addition. These are all of the facts which we consider material to the question as to the applicability of the four years statute of limitation. It may be conceded that if the release, when properly construed, passed the title to lot 352 out of Sanborn, his only right of action would be one for affirmative equitable relief by reformation or correction and for a recovery of the land based on that relief; and that the period relied on would control. But we think it clear that if the legal effect of the instrument, upon a proper construction of it in the light of all of the facts which may be considered in construing it, was not to pass title to the property in question, nothing but adverse possession would bar the action, for the reason that

plaintiff, in that case, will be found to have a title sufficient to support his direct action for the recovery of the land without correction or alteration of the instrument.

Notwithstanding the technical rule of the common law as to deeds of release, we do not question that words such as are used in the release in question, that the person executing it does "release and forever quitclaim the said land and premises," would be sufficient, in an ordinary deed purporting to be a conveyance, to pass the grantor's title, although the grantee had no previous interest or possession. Effect must be given to the intention expressed in such instruments as in others. But an intention to convey lands which had not before been sold and conveyed could not be gathered from a reading of this release. Such a meaning would never be imputed to it by anyone looking alone to its terms. It plainly states that the land has been previously conveyed, that a vendor's lien has been retained to secure notes for the purchase money, that these have been paid, and as plainly shows that the purpose is to relinquish the right or claim in or to the lands which had thus been retained in the vendor and which had been satisfied by such payment. Nowhere does an intention appear to make a new grant of anything. It is true that the instrument evidences that all of the land mentioned in it had previously been conveyed and that its purpose is to complete the transaction. But by its recitals it connects itself with the former conveyance recited and the two are thus made the complement of each other. Whether or not, if it stood alone, it would be sufficient evidence of title to all of the land mentioned in it, we need not determine; for if the conveyance recited has been produced, the two are to be construed together and the question as to what property has been conveyed is thus to be determined. If a deed of the date of that recited in the release were produced, and the effect of the two documents were to be determined from their language, unaffected by extrinsic evidence, it seems clear that the first instrument would control in the determination of the question as to what property had been conveyed. This would result from the fact that the release, by its own terms, subordinates itself to the deed, its purpose being only to free the title conveyed by the latter from the encumbrance which it imposed in favor of the grantor. Hence the conflict between the two in the description of the property affected would be resolved by the controlling effect of the deed of conveyance if only the writings be considered. This conflict, however, would introduce an ambiguity not apparent on the fact of either instrument which might render admissible parol evidence of extrinsic facts to resolve it, and to show by attendant circumstances the true intention in executing the release.

The first difficulty encountered along this line is in identifying the instrument referred to in the release. The trial court having found upon sufficient evidence that there was no deed of the date recited, we must accept this as the fact for the purposes of the decision. The only deed which Sanborn had executed to Buchanan, therefore, was that of November 26, 1889. It corresponds with the recitals of the release in all particulars except in the date, and in the fact that, while in the main the two instruments cover the same property, each mentions some that is not included in the other. It is the familiar case of a

description false in some particulars but otherwise sufficient for the purposes of identification, in which the correct course is to reject the false and follow the other circumstances. When it is established that there was no other deed, the conclusion seems inevitable that the release referred to the one produced. We thus reach the construction that the two documents, construed by their terms alone, show a conveyance only of the property described in the deed; that there was no need for a reformation of the release and that the four years statute of limitation was therefore not applicable.

It is, however, urged that the judgment should be affirmed on other grounds notwithstanding the error in sustaining the plea of limitation. Besides this defense the defendants seem to have attempted to show by circumstances (1), that another deed as recited in the release had been executed; (2) that, by reason of the change in boundaries, the proper description in the release was accordingly varied from that of the original deed so as to correctly describe the land purchased as it was then found to be located on the ground; or (3) that by a series of transactions, the parties had settled the difficulties arising out of their mistakes and had made a division of their holdings, including in Buchanan's share block 352. The findings of the trial court seem to be wholly inconsistent with the first and second contentions; and no finding was made as to the third. If there is any evidence to sustain it, which, in the very obscure condition of much of the testimony, we should have difficulty in saying, certainly it is not of that conclusive nature which would justify this court in affirming a judgment given for a different and an erroneous reason. We do think it proper to remand the cause instead of rendering judgment.

*Reversed and remanded.*