FRED W. SHELLEY ET AL. v. CREIGHTON-McSHANE OIL COMPANY ET AL.

Decided June 27, 1910.

**1.—Deed—Erroneous Description—Evidence Aliunde.**

The following objections were made to a deed when offered in evidence: (1) that the deed described the land in controversy as patented to G, whereas said land was patented to C, assignee of G; (2) that while the correct patent number was given, the number of the volume in which the patent is recorded was not given, and there were over one hundred volumes in each of which was a patent of the same number; and (3) that the deed refers to mesne conveyances from said "patentee" to the grantor in the deed for further description, whereas said grantor held title by deed from a sheriff under execution against C, who was in fact the patentee. The deed stated the correct number of acres in the patent, the patent number and the county in which the land was situated. Held, the deed was properly admitted in evidence in connection with undisputed testimony that the parties intended the deed to convey the land in controversy.

**2.—Same.**

If, by rejecting that part of the description in a deed which is false, and retaining that which is true and applying thereto evidence offered aliunde, it can be determined that it was the intention of the parties to convey the land in controversy, such intention ought not to be defeated by rejecting the deed.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower.

*G. P. Dougherty,* for appellants.—The statute of frauds requires a conveyance of lands to be valid to be so definite and certain upon the face of the instrument itself, or by other writings referred to, that the land can be identified with reasonable certainty, and where the description in the deed does not describe the land involved, but other land,

the same is not admissible as a link in the chain of title.   Harkness v. Devine, 73 Texas, 628; Neyland v. Texas Yellow Pine L. Co., 26 Texas Civ. App., 417; Rountree v. Thompson, 30 Texas Civ. App., 595.

In arriving at the intention of the parties to a deed, in the absence of ambiguity, the face of the deed together with the references in it must control; and where there is no uncertainty an intention different from that shown in the deed can not be shown so as to make it convey property not described in the deed.   Minor v. Powers, 24 S. W., 720; Powers v. Minor, 87 Texas, 83; Thayer v. Finton, 15 N. E., 615; Collins v. Ball, 82 Texas, 259; Watts v. Howard, 77 Texas, 71. ·

*Smith, Crawford & Sonfield,* for appellees, Creighton-McShane Oil Co., John A. Creighton and John A. McShane.   *William Aubrey,* for appellee, Vaughan Lumber Company.—The description in the deed from H. E. Shelley to John Hancock and C. S. West was of itself sufficient to convey the land in controversy. · Waters v. Spofford, 58 Texas, 123; Cartwright v. Trueblood, 90 Texas, 538; Smith v. Chatham, 14 Texas, 326; Peterson v. Ward, 5 Texas Civ. App., 212; Huffman v. Eastham, 19 Texas Civ. App., 227; Arambula v. Sullivan, 80 Texas, 620.

If the description in a deed be uncertain or ambiguous it may be rendered certain and unambiguous by resort to any instrument referred to in the deed.   Bowles v. Beal, 60 Texas, 324; Parrish v. Jackson, 69 Texas, 616; Chalk v. Foster, 2 Posey U. C., 705.

Where an instrument, not altogether void for uncertainty, contains a defective description of real property, parol evidence is admissible to remove the ambiguity and identify the property.   The description being true in part, but not true in every particular, extrinsic evidence is received in aid of the instrument.   21 Am. & Eng. Ency. Law, 1120, 1121; Busby v. Bush, 79 Texas, 661; Aycock v. Trammell, 77 Texas, 487; Wofford v. McKinney, 23 Texas, 36; Kingston v. Pickins, 46 Texas, 101; Dwyer v. Speer, 8 Texas Civ. App., 92.

The construction which the parties to a contract place upon it will have great, if not controlling, effect in determining its true import and effect.   Rev. Stats., arts. 5061, 5062, 5067, 5075, 5076, 5078; Rev. Stats., arts. 1938, 1965 and 1968; Linney v. Wood, 66 Texas, 22; Chicago v. Sheldon, 9 Wall., 50.

REESE, ASSOCIATE JUSTICE.—This is an action in trespass to try title by Fred W. Shelley and Paul H. Traylor against the Creighton-McShane Oil Company and others, including the Vaughan Lumber Company, for a tract of 3325 acres or 18,785,311 square varas of land in Jasper County patented to F. W. Chandler, assignee of W. B. Green. The Vaughan Lumber Company claimed the timber on the land by purchase from the Creighton-McShane Oil Company.   Upon trial by the court without a jury there was judgment for defendants from which plaintiffs appeal.

The facts are undisputed and are as follows:   The land was patented

to F. W. Chandler as assignee of Wm. B. Green, July 28, 1870, by patent No. 208, vol. 18. The land is described in the patent as a survey of 18,785,311 square varas, lying in Jasper County, Texas. The tract contains 3325 acres, which is the equivalent of the amount named in square varas. Chandler died in 1885 leaving a will in which H. E. Shelley is named as independent executor in whom is vested the legal title to the property of this estate, with full power to sell and convey and administer the estate free from the control of the Probate Court. On September 4, 1902, H. E. Shelley, as executor, conveyed the land to Fred W. Shelley by a deed of that date which recites that it is executed in satisfaction of a legacy of $2000 given to him by said will. On the same date Fred W. Shelley executed to Paul H. Traylor a power of attorney coupled with a half interest in the land. The power of attorney authorizes the grantee Traylor to institute suit and recover the land in controversy. This is the appellant's chain of title.

Appellees' title is as follows: On the first Tuesday in December, 1880, the land was sold, by the same description as in the patent, by the sheriff of Jasper County under an execution issued out of the District Court of Travis County upon a judgment against F. W. Chandler, to H. E. Shelley to whom a deed was regularly executed, the recited consideration being $500. F. W. Chandler had on May 29, 1879, executed a deed of trust on this land to W. F. North, trustee, to secure John Hancock and Charles S West upon certain contingent liabilities arising out of certain endorsements by them of Chandler's paper, amounting to about $20,000, which had been recorded in Jasper County, January 20, 1880. The land is described in this deed of trust as 3525 acres, original grantee W. B. Green, patent number 208, Jasper County. H. E. Shelley bought the land at the trustee's sale for the use and benefit of F. W. Chandler and Hancock and West, holding the legal title in trust for their benefit in equal interests, that is, one-half for Chandler and one-half for Hancock and West. On April 1, 1881, H. E. Shelley executed to John Hancock and C. S. West for a recited consideration of $500, a certain deed describing the land conveyed as "situated in the county of Jasper, State of Texas, being three thousand three hundred and twenty-five acres of land originally patented to W. B. Green by patent No. 208, the mesne conveyance from said patentee to me being of record in said county of Jasper, and to which for better description of said land reference is here made."

The trouble comes up over the construction of this deed, appellants insisting that it is void for failure to describe the land. This deed was duly acknowledged and recorded on April 6, 1881, in Jasper County. T. W. Ford represented H. E. Shelley in the purchase of the land at the sheriff's sale and bid in the land for Shelley. In May, 1881, Ford, acting for Shelley, who represented Chandler and Hancock and West, and for F. W. Chandler in person, negotiated a sale of this land to John P. Irvine for $3500. Ford's dealings in the matter were with Shelley and

F. W. Chandler. This sale was consummated by the execution of a deed by John Hancock and C. S. West to said Irvine for the land, describing the land as in the patent. The purchase money was paid to Shelley. This deed was executed May 23, 1881, and was witnessed by H. E. Shelley and John B. Costa, was proven for record by Shelley as subscribing witness, and recorded in Jasper County on June 1, 1881. The land thereafter, by several mesne conveyances, passed from Irvine to appellees, the Creighton-McShane Oil Company. Chandler died in 1885, and his will was probated in 1886. In the inventory of the property of his estate filed by H. E. Shelley, executor, no mention is made of this property, nor was the same ever rendered for taxation by the executor. No claim appears to have been made to the land by the executor until the execution of the deed to appellant, Fred W. Shelley, in 1902.

It will only be necessary to dispose of appellants' first assignment of error, as it is admitted in the brief that if this assignment is not well taken the judgment should be affirmed.

The first assignment is that the court erred in admitting in evidence over plaintiff's objection, the deed from H. E. Shelley to John Hancock and C. S. West referred to in the foregoing conclusions. The objection to the introduction of the deed is that it does not purport to convey the land in controversy. This objection is based upon the fact that the deed describes the land as patented to W. B. Green, while the land in controversy was patented to F. W. Chandler, assignee of W. B. Green; that the patent number 208 is given, but not the number of the volume, whereas there are, as stated by appellants, 123 volumes of such patents, in each of which there is one No. 208; and that the deed refers to mesne conveyances from said "patentee" to Shelley for further description, while Shelley held title to the land in controversy by deed from the sheriff under execution from Chandler, who was in fact patentee.

The deed is certainly not void on its face, but part of the description, taken literally, does not fit this land. That part of the description which describes the land as lying in Jasper County, as containing 3325 acres, and as covered by patent No. 208, is a correct description of this land as far as it goes, and this, discarding the other part of the description, and taken in connection with the undisputed evidence, shows beyond doubt or controversy that the parties intended by this deed to convey this tract of land. It is hardly necessary to do more than refer to the conclusions of fact based upon the undisputed evidence, to show this. Shelley bought in for Chandler and Hancock and West, at the sheriff's sale, this tract of land. In three months thereafter this deed was executed by Shelley to Hancock and West, Shelley immediately, in a month, through Ford (Chandler being a party personally to the negotiations) negotiated a sale of this tract of land to John P. Irvine, and, to carry out his deed, Hancock and West executed to Irvine a deed to this land described as in the patent, Shelley being a subscribing witness to the deed. H. E. Shelley, executor of Chandler, although he knew all about

this land, did not place it on the inventory and made no claim to it for seventeen years. The conclusion is irresistible, that it was the intention of this deed to Hancock and West to convey this land. Should this intention fail on account of the erroneous description in the deed? We think not, if by rejecting that part of the description which is false and retaining that part which is true, and applying thereto the evidence offered, it can be determined that the intention was by this deed to convey the land in controversy. (West v. Houston Oil Co., 46 Texas Civ. App., 102 (102 S. W., 929), and cases cited in the opinion.)

The case of Powers v. Minor (87 Texas, 83), cited and relied upon by appellants is not in point. In that case the description of the land in the deed in question was affirmatively shown to fit exactly another and different tract of land than that to which it was sought to apply it. We have no such case here.

The court did not err in admitting the deed in evidence. The assignment of error must be overruled, and, as appellants admit in their brief, this settles the merits of this appeal, and there is no necessity to dispose of the other assignments which rest upon this. We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.