James E. PARKER et al.

v.

John W. McKINNON, Jr. et al.

No. 7094.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 22, 1962.

Rehearing Denied Feb. 19, 1962.

Rogers, Eggers, Sherrill & Pace, Wichita Falls, for appellants.

Douglass, Thompson & Douglass, Pampa, for appellees.

DENTON, Chief Justice.

This suit was brought by appellants against appellees in the form of an action in trespass-to-try-title to an undivided one-half mineral interest in a section of land in Gray County, Texas. The trial was before the court without a jury. Judgment was rendered that appellants take nothing and that appellees be awarded title to the mineral interest in controversy. All parties claim under a common source of title. Appellants claim title to the minerals through a correction deed from John W. McKinnon and wife, Lillian A. McKinnon, through

their predecessors in title, dated December 18, 1911. Appellees claim title through a prior deed from the same John W. McKinnon dated March 15, 1907.

■ On March 15, 1907 J. W. McKinnon, stipulated to be the one and same person as John W. McKinnon, executed a warranty deed to J. W. Davidson purporting to convey the following described land: "Section 1, Certificate 2/216, Pat. 342, Vol. 49, G. G. & S. F. Ry. Co. Survey, Abstract 510, containing 640 acres more or less." The last sentence in this deed read as follows:

"The Grantor hereby retains, forever, a half interest in all oil, gas, mineral or liquid substance of commercial value if found in the above described land, and no statute of limitation shall ever run against his right to this."

On December 18, 1911 John W. McKinnon joined by his wife, Lillian A. McKinnon, executed a quit claim deed to the said J. W. Davidson. This deed read as follows:

"—Quit-Claim Deed—

"This Indenture Witnesseth, that the grantors, John W. McKinnon and Lillian A. McKinnon, his wife, of the City of Chaicago, in the County of Cook and State of Illinois for the consideration of One Dollar ($1.00) and other good and valuable considerations, Convey and Quit-Claim to J. W. Davidson of the County of Gray and State of Texas all interest in the following described Real Estate, to-wit:

"All that certain Section No. One (1), Certificate No. 2/216, Patent 342, Volume 39, G. C. & S. F. Ry. Co. Survey, in Gray County, Texas, Abstract No. 510, containing six hundred and forty (640) acres more or less, situated in said County of Gray and State of Texas.

"This deed is given for the purpose of correcting an error in a former deed, executed by the Grantor herein to the same Grantee, dated March 15th, 1907, and recorded in Volume 12, Pages 56–57–58 of the Deed Records of Gray County, Texas, wherein the State and County were omitted from the legal description of the property conveyed, releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State of Texas.

"Dated, this Eighteenth day of December A.D.1911.

"John W. McKinnon
"Lillian A. McKinnon"

It will be noted that in addition to inserting the county and state, the second deed corrected the patent volume number from 49 to 39 and corrected the survey designation from "G. G. & S. F. Ry. Co." to "G. C. & S. F. Ry. Co." and added "in Gray County, Texas" immediately after the corrected survey designation. The mineral reservation by the grantor did not appear in the correction deed.

The question to be determined here is whether the correction deed of December 18, 1911 conveyed the undivided one-half mineral interest which had been retained by McKinnon in the prior deed. It is appellants' position that the correction deed did not refer to the prior deed in a sufficient manner to define or limit the grant set out in the prior deed. They urge that the correction deed supersedes the prior deed, which they contend is at least voidable because of the insufficient description, thus granting all interest including the undivided minerals held by McKinnon. The appellees contend that the correction deed was executed only for the purpose of correcting the description in the prior deed, and that the two deeds are so related they are to be considered together.

■ There are no allegations of fraud, accident or mistake, and reformation of the correction deed is not sought. We are therefore to look to the provisions of the instruments themselves to determine the intentions of the parties thereto. Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617. In Harris v. Windsor, 134 Tex. 324, 294 S.W.

2d 798, Chief Justice Hickman used the following language:

> "We have long since relaxed the strictness of the ancient rules for the construction of deeds, and have established the rule for the construction of deeds as for the construction of all contracts,—that the intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, will be given effect when possible. That intention, when ascertained, prevails over arbitrary rules. Benskin v. Barksdale, Tex.Com.App., 246 S.W. 360; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442."

 By its own terms, the December 18, 1911 deed was executed "for the purpose of correcting an error in a former deed" which was identified as the prior deed between the same parties. Although the description in the earlier deed was defective in some respects other than the omission of the state and county, these errors (misspelling of the survey designation and the incorrect volume number of the patent) were also corrected in the subsequent deed. Neither party contends, and we so agree, that the correction deed is ambiguous. It clearly states the purpose for which it was executed. In our opinion the language clearly indicates the correction deed was simply intended to correct the description of the land conveyed by the prior deed. The omission of the mineral reservation in the correction deed, when considered with the language of the deed itself, does not lead to the conclusion that the correction deed was intended to change the parties' rights or the estate conveyed. Humble Oil & Refining Co. v. Mullican, 144 Tex. 609, 192 S.W.2d 770; Borden v. Hall, 255 S.W. 2d 920 (no writ history); Thorndale Mercantile Co. v. Continental Gin Co. (Civ. App.) 217 S.W. 1059 (error refused); Sanborn v. Crowdus Bros. Co., 100 Tex. 605, 102 S.W. 719. These cases cited above, in effect, are applying the doctrine of relation back which our courts have held is applicable to a deed which corrects an erroneous description. The correction deed is looked to in aid of the description given in the prior deed, and as between the parties thereto the second deed relates back and becomes effective as of the date of the first deed. Polk v. Carey (Civ.App.) 247 S.W. 568 (error dismissed); Thorndale Mercantile Co. v. Continental Gin Co., supra; Doty v. Barnard, 92 Tex. 104, 47 S.W. 712.

When these two instruments are considered together it is the clear intention of the parties, and we so hold, that McKinnon the grantor effectively reserved an undivided one-half mineral interest in the section of land conveyed.

We therefore conclude the trial court correctly held the mineral interest in controversy was reserved by the two deeds in question. Judgment of the trial court is affirmed.