**Norma Jean HARLAN, Appellant,**

v.

**Janet VETTER, et al., Appellees.**

**No. 11–86–217–CV.**

Court of Appeals of Texas, Eastland.

May 28, 1987.

Rehearing Denied June 25, 1987.

---

Bobby Joe Mann, Mineral Wells, for appellant.

Mike Siebert, Hoffmann and Siebert, Eastland, Pat W. Davis, Davis, Horton, Tokoly, Ormesher, Elliston & Schick, Dallas, John A. Thomas, Grand Prairie, Duncan Gault, Gault & Gault, Mineral Wells, John R. Cook, Thompson & Cook, Breckenridge, for appellees.

## OPINION

ARNOT, Justice.

This is an appeal from a declaratory judgment action wherein the trial court found that a document entitled "Affidavit" was insufficient as a conveyance of the minerals. We affirm.

Appellant, Norma Jean Harlan, contends that her husband, Eugene H. Harlan, conveyed certain mineral interests in Texas to her in an instrument which created a joint tenancy with right of survivorship. The only appellees who filed a brief are the children of Eugene H. Harlan.

The instrument, in its entirety, reads as follows:

STATE OF TENNESSEE
COUNTY OF DeKALB

### AFFIDAVIT

PERSONALLY APPEARED, before me, the undersigned Notary at Large,

Eugene H. Harlan, and upon his oath, deposes and says:

THAT he is the owner of Mineral and Oil Leases being situated in Texas (19 counties approximately), Arkansas, Kansas, Kentucky, Louisiana and Oklahoma;

THAT he purchased these Mineral Interest from his father in 1952; FURTHER, that he is very ill with heart disease and the work of assessing and setting up in book form has fallen entirely upon his wife, NORMA JEAN HARLAN.

FURTHER, IT IS THE WISH OF Eugene H. Harlan, by the execution of this instrument, that his wife be considered to own these Mineral Interests with him as Joint Tenants, with the right of Survivorship; that this Affidavit will suffice to be filed in the appropriate counties and will stand as indeed a Mineral Deed.

FURTHER, it is the wish of Eugene H. Harlan that his wife be considered to have full power and authority over the now existing producing royalties; that she have the power to sell, assign and convey, if she deems it necessary; that she have full power and authority to sell the non-producing mineral interest or retain them, whatever suits her best. By this Affidavit, Eugene H. Harlan, gives to his wife, to be hers absolutely upon his death, all the right, control and ownership of what was United Royalty Corporation, a Missouri corporation, as well as all interest Eugene H. Harlan had in and to the Mineral Interest that may or may not be in the name of United Royalty Corporation, a Missouri corporation, and conveys, upon his death, full right and title to the mineral interest in his name solely. It is further the wish of Eugene Harlan, that no one cause his wife any problem in carrying out the wishes of Eugene H. Harlan.

DATED THIS the 19th day of June, 1981, and signed in the presence of witnesses.

Neither party alleges nor contends this instrument is ambiguous. No extrinsic evidence of the intent of the parties was introduced.

■ For a deed or instrument to effect conveyance of real property, it is not necessary to have all the formal parts of a deed formerly recognized at common law or to contain technical words. If, from the whole instrument, a grantor and grantee can be ascertained, and if there are operative words or words of grant showing an intention of the grantor to convey title to a real property interest to the grantee, and if the instrument is signed and acknowledged by the grantor, it is a deed which is legally effective as a conveyance. *Harlowe v. Hudgins,* 84 Tex. 107, 19 S.W. 364 (1892); *Brown v. Byrd,* 512 S.W.2d 753 (Tex.Civ. App.—Tyler 1974, no writ); *Harris v. Strawbridge,* 330 S.W.2d 911 (Tex.Civ.App. —Houston 1959, writ ref'd n.r.e.).

■ It is not the intention that the parties may have had but failed to express in the instrument, but it is the intention that is expressed by the instrument. *Alford v. Krum,* 671 S.W.2d 870 (Tex.1984). We have examined the document in its entirety to determine what is the intention expressed by the instrument.

*1. Can a grantor and grantee be ascertained?*

Clearly, Eugene H. Harlan can be identified as the grantor, and Norma Jean Harlan can be identified as the grantee.

*2. Is the instrument signed and acknowledged by grantor?*

The instrument is executed and acknowledged by the grantor.

*3. Are there words of grant or operative words of grant showing the intention of grantor to convey title?*

The following clauses provide:

a. "It is the *wish* of Eugene H. Harlan, by execution of this instrument, that his wife *be considered to own* these Mineral Interests, with him as Joint Tenants, with the right of survivorship...." (Emphasis added)

b. "It is the *wish* of Eugene H. Harlan that his wife *be considered to have full power and authority* over the

now existing royalties...." (Emphasis added)

■ We are of the opinion that "wish ... [to] be considered" to "own" or "have" are not sufficient operative words to convey title. The word "wish" is precatory: a recommendation or advice .or the expression of desire, but not a positive command or direction. *Langehenning v. Hohmann,* 139 Tex. 452, 163 S.W.2d 402 (1942); *Haltom v. Austin National Bank,* 487 S.W.2d 201 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.).

   c. "Eugene H. Harlan *gives* to his wife to be hers absolutely upon his death, *all right, control and ownership of what was United Royalty Corporation....* " (Emphasis added)

■ The operative word is "give." The parties agree that this gift is a transfer of personal property: stock in a corporation. This clause is not a transfer of real property and, therefore, is not considered in the determination of whether this is a deed.

   d. "Eugene H. Harlan ... *conveys, upon his death, full right and title to the mineral interest in his name solely.*" (Emphasis added)

■ "Conveys" is a word of grant. A person may make an inter vivos conveyance of an estate of feehold or inheritance that commences in the future, in the same manner as by a will. TEX. PROP. CODE ANN. sec. 5.041 (Vernon 1986). A grantor may deed property that does not become absolute until the end of his life. *Woodworth v. Cortez,* 660 S.W.2d 561 (Tex.App. —San Antonio 1983, writ ref'd n.r.e.); *Davis v. Zeanon,* 111 S.W.2d 772 (Tex.Civ. App.—Waco 1937, writ ref'd).

■ We are of the opinion that Clause (d) contains words of grant showing the intention of Eugene H. Harlan to convey title to real property. However, for a deed to be an effective transfer of title, it must contain an adequate property description.

Appellant urges that the reference in the legal description to "the mineral interest in his name solely," along with the other recitals in the deed, adequately describes the property. The instrument before us contains two recitations: (1) Eugene H. Harlan is the owner of mineral and oil leases being situated in Texas (19 counties approximately), Arkansas, Kansas, Kentucky, Louisiana, and Oklahoma; and (2) Eugene H. Harlan purchased these mineral interests from his father in 1952.

The rules for the adequacy of a property description are set forth in *Maupin v. Chaney,* 139 Tex. 426, 163 S.W.2d 380, 383 (1942):

The sole purpose of the description of property, as contained in a deed of conveyance, is to identify the subject matter of the grant. 8 R.C.L. 1074, par. 129. And in construing the deed the court endeavors to carry into effect the intention of the parties as expressed therein. *Pierson v. Sanger,* 93 Tex. 160, 53 S.W. 1012. Hence, it is a general rule of law that where the description specifies a property intended to be conveyed, and the instrument furnishes other sufficient means of determining the particular property covered thereby, the description is legally sufficient. 14 Tex.Jur. 988. In other words, if there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify the particular property to the exclusion of others, the description will be held sufficient. *Coppard v. Glasscock,* Tex.Com. App., 46 S.W.2d 298; 14 Tex.Jur. 992. It is a familiar rule that even though the description of the property contained in the conveyance, standing alone, would be insufficient, yet if it refers to another instrument which contains a proper description of the property, such other instrument may be looked to in aid of the description. 14 Tex.Jur. 1005; *Pierson v. Sanger,* 93 Tex. 160, 53 S.W. 1012. And even though the reference to the other instrument is itself in some respects erroneous, or the instrument is otherwise misdescribed in some particular, yet such other instrument may nevertheless be looked to in ascertaining what property was intended to be conveyed if it corresponds with the reference in other respects, and extrinsic proof shows that there is no other instru-

ment which would accord with the language used in referring to the prior instrument. *Sanborn v. Crowdus Bros. & Co.*, 100 Tex. 605, 102 S.W. 719; 14 Tex. Jur. 1010; *Overand v. Menczer*, 83 Tex. 122, 18 S.W. 301; *Shelley v. Creighton-McShane Oil Co.*, 62 Tex.Civ.App. 15, 130 S.W. 848, writ refused; *West v. Houston Oil Co.*, 46 Tex.Civ.App. 102, 102 S.W. 927; *Rountree v. Thompson*, 30 Tex.Civ.App. 595, 71 S.W. 574, 72 S.W. 69, writ refused.

In addition, appellant argues that *Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708 (Tex.Civ.App.—Eastland 1954, writ ref'd), is also controlling authority. In *Bartels*, this Court considered a deed which recited:

> [S]ell ... and convey unto [grantee] all its right, title, and interest ... in and to all of the following described real ... properties located within the United States of America, to-wit:
>
> 1. All the oil, gas and mining leases, royalties and overriding royalties located anywhere within the U.S., most of which are located within the States of New Mexico, Kansas, Oklahoma, Louisiana, and Texas. . . .

The Court held, "It has long been the rule that a deed purporting to convey *all* lands owned by the grantor in the State or in a named county is sufficient description to effect a conveyance." (Emphasis added)

The deed before us attempts to convey "the mineral interest in [grantor's] name solely." Such instrument does not designate in which state or which county this land is located. The grantor recited that he owns land in Texas. The description "in his name solely" does not exclude land which the grantor may have owned in partnership, as a stockholder in a defunct corporation, or as community property. This clause did not purport to convey *all* lands owned by the grantor in Texas or in a named county.

Appellant also directs our attention to *Rosestone Properties, Inc. v. Schliemann*, 662 S.W.2d 49 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.), in support of his position that these references are sufficient to describe the property when considered together with the description contained in the 1952 deed. The court in *Rosestone* considered an instrument with an assumption clause which referred to a promissory note dated April ____, 1976. In fact, the promissory note was actually dated August 27, 1976. The evidence established that there was only one promissory note for the amount involving the same parties and the same property. The court held that the erroneous date in the assumption clause did not affect the validity of the assumption clause, stating:

> If the instrument containing the reference, has enough information to enable one, by pursuing an inquiry based upon the information contained therein to identify the particular property to the exclusion of all others, the reference and description are sufficient.

*Rosestone Properties, Inc. v. Schliemann*, supra at 52. See also *Maupin v. Chaney*, supra at 383. The reference in *Rosestone* contained an error. The error, however, was not fatal because the referenced document had been sufficiently described to the exclusion of all other instruments.

In the instant case, we do not find that the recital of the year of purchase, 1952, is a sufficient reference to another instrument such that an inquiry would result in an identification of the particular property to the exclusion of all others. The writing must furnish, within itself or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Broaddus v. Grout*, 152 Tex. 398, 258 S.W.2d 308, 309 (1953). In those cases where the description has been held sufficient by reference, the reference itself was adequate to locate the instrument within which the data was contained.

■ We hold that the reference in the Harlan deed is insufficient; therefore, the legal description is likewise insufficient. The instrument does not itself furnish the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Rosestone Properties, Inc. v. Schliemann*, supra at 52. There-

fore, the instrument fails to satisfy all of the requirements necessary to be an effective conveyance of real property.

The judgment of the trial court is affirmed.

DICKENSON, Justice, concurring.

I concur in the result and in the majority's holding that the property description is insufficient to identify the mineral interests with reasonable certainty, but I do not agree that the "affidavit" is sufficient to be considered a "mineral deed."