COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-124-CV

  
DANIEL 
MONTES, JR. D/B/A                                                   APPELLANT
CONTRACT 
BUILDERS
 
V.
 
MONTICELLO 
PARTNERS, L.P.                                                   APPELLEE
D/B/A 
MONTICELLO CROSSROADS
 
------------
 
FROM 
THE 67TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        Appellee 
Monticello Partners, L.P. d/b/a/ Monticello Crossroads purchased a town-home 
development in Fort Worth, Texas in June of 1999. Unbeknownst to appellee, the 
conveyance did not include three minor parcels of real property that represent 
less than one percent of the total acreage they acquired. In September 2002, 
appellant Daniel Montes, Jr. d/b/a Contract Builders acquired a judgment, by way 
of assignment, against a prior owner of the development. Thereafter, appellant 
foreclosed the judgment lien against the minor parcels through a sheriff’s 
sale. At the sale, appellant purchased a Tarrant County constable’s deed that 
described the minor parcels by lot and block allegedly derived from an 
abbreviated legal description in the Tarrant County Tax Assessors-Collector’s 
records rather than from county plat records. Appellant then sued appellee 
seeking injunctive relief and damages for its use of the property. Appellee 
counterclaimed, challenged the legal sufficiency of appellant’s deed, and 
moved for summary judgment on its counterclaims, claiming that the property 
description in the constable’s deed was void on its face. The trial court 
rendered summary judgment for appellee and awarded it the property. In two 
issues, appellant now claims the trial court erred in granting summary judgment 
for appellee on the basis that the property description is void on its face. We 
affirm.
        Appellee, 
as the moving party for summary judgment on it counterclaims, had the burden of 
proof to show there was no genuine issue of fact and that it was entitled to 
summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. 
Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek 
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). In deciding whether there is a 
genuine issue of material fact, evidence favorable to the nonmovant must be 
taken as true. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, 
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. 
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
Therefore, we must view the evidence and its reasonable inferences in the light 
most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
        In 
its summary judgment motion, appellee asserts that the constable’s deed, upon 
which appellant bases his claim to the parcels, is “void on its face” 
because the property description contained therein is not sufficiently certain 
so as to enable a party familiar with the locality to identify the premises 
conveyed to the exclusion of others. In support of this assertion, appellee 
cites Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972), which states, 
“The rule by which to test the sufficiency of the description is . . . the 
writing must furnish within itself, or by reference to some other existing 
writing, the means or data by which the land to be conveyed may be identified 
with reasonable certainty.” The only description the constable’s deed 
provides is the following: “Westgate Addition (Fort Worth), Block 4R, Lots Ar2 
and Ar3, per the plat records of Tarrant County, Texas.” As appellee pointed 
out in its summary judgment motion, “the plat records of Tarrant County” do 
not provide an adequate description because the parcels at issue are not platted 
as evidenced in a certified copy of the plat for the town-home development. 
Appellee alleged, therefore, that “the plat records of Tarrant County” is 
not adequate to identify a writing containing a proper legal description of the 
parcels. See Harlan v. Vetter, 732 S.W.2d 390, 394 (Tex. App.—Eastland 
1987, writ ref. n.r.e) (holding if the property description is to be supplied by 
a writing to which reference is made in the deed, the reference must be adequate 
to identify the writing). We agree.
        Therefore, 
because the record establishes that appellee is entitled to judgment as a matter 
of law and no genuine issues of material fact exist, we overrule appellant’s 
two issues on appeal and affirm the judgment of the trial court.



                                                                  BOB 
MCCOY
                                                                  JUSTICE

   
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: 
February 5, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.