Daniel Montes, Jr. d/b/a Contract Builders v. Monticello Partners, L.P. d/b/a Monticello Crossroads

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-124-CV

DANIEL MONTES, JR. D/B/A

CONTRACT BUILDERS APPELLANT

V.

MONTICELLO PARTNERS, L.P. 

D/B/A MONTICELLO CROSSROADS APPELLEE

------------

FROM THE 67
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellee 
Monticello Partners, L.P. d/b/a/ Monticello Crossroads 
purchased a town-home development in Fort Worth, Texas in June of 1999.  Unbeknownst to appellee, the conveyance did not include three minor parcels of real property that represent less than one percent of the total acreage they acquired.  In September 2002, appellant 
Daniel Montes, Jr. d/b/a Contract Builders 
acquired a judgment, by way of assignment, against a prior owner of the development.  Thereafter, appellant foreclosed the judgment lien against the minor parcels through a sheriff’s sale.  At the sale, appellant purchased a Tarrant County constable’s deed that described the minor parcels by lot and block allegedly derived from an abbreviated legal description in the Tarrant County Tax Assessors-Collector’s records rather than from county plat records. Appellant then sued appellee seeking injunctive relief and damages for its use of the property.  Appellee counterclaimed, challenged the legal sufficiency of appellant’s deed, and moved for summary judgment on its counterclaims, claiming that the property description in the constable’s deed was void on its face.  The trial court rendered summary judgment for appellee and awarded it
 the property.  In two issues, appellant now claims the trial court erred in granting summary judgment for appellee on the basis that the property description is void on its face.
  We affirm. 

Appellee, as the moving party for summary judgment on it counterclaims, had the burden of proof to show there was no genuine issue of fact and that it was entitled to summary judgment as a matter of law.
 
 Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant must be taken as true.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In its summary judgment motion, appellee asserts that the constable’s deed, upon which appellant bases his claim to the parcels, is “void on its face” because the property description contained therein is not sufficiently certain so as to enable a party familiar with the locality to identify the premises conveyed to the exclusion of others.  In support of this assertion, appellee cites 
Morrow v. Shotwell
, 477 S.W.2d 538, 539 (Tex. 1972), which states, “The rule by which to test the sufficiency of the description is . . . the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty.”  The only description the constable’s deed
 provides is the following: 
“Westgate Addition (Fort Worth), Block 4R, Lots Ar2 and Ar3, per the plat records of Tarrant County, Texas.”
  As appellee pointed out in its summary judgment motion, “the plat records of Tarrant County” do not provide an adequate description because the parcels at issue are not platted as evidenced in a certified copy of the plat for the town-home development.  Appellee alleged, therefore, that “the plat records of Tarrant County” is not adequate to identify a writing containing a proper legal description of the parcels.  
See Harlan v. Vetter
, 732 S.W.2d 390, 394 (Tex. App.—Eastland 1987, writ ref. n.r.e) (holding if the property description is to be supplied by a writing to which reference is made in the deed, the reference must be adequate to identify the writing).
  We agree.  

Therefore
, because the record establishes that appellee is entitled to judgment as a matter of law and no genuine issues of material fact exist, we overrule appellant’s two issues on appeal and affirm the judgment of the trial court.  

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: February 5, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.