Cynthia FILLYAW, Appellant,

v.

CITY OF BEAUMONT, Appellee.

No. 8082.

Court of Civil Appeals of Texas, Beaumont.

Feb. 23, 1978.

Rehearing Denied March 16, 1978.

John H. Seale, Jasper, for appellant.

Daniel V. Flatten, Beaumont, for appellee.

KEITH, Justice.

Plaintiff below appeals from a take nothing judgment entered in her suit under the Workers' Compensation Act for injuries received in the course of her employment as a water meter reader for the defendant. The defendant is self-insured as provided in Tex.Rev.Civ.Stat.Ann. art. 8309h, § 2(a) (1978).

On the morning of October 29, 1975, plaintiff was reading meters when she saw a snake on a meter box. She was startled and jumped back, landing on her feet. She testified that she twisted her back and felt pain immediately but continued working the remainder of the day. She did not complain of the incident when she checked out that day; and, as a matter of fact, her supervisor, Mr. Greathouse, testified that he asked her how she was doing and she replied that "she was doing fine." However, the next day she did report the incident and Greathouse sent her to the office and she was sent to a physician for examination and treatment.

After missing five days from her work, plaintiff returned and worked at her same job. She testified that she worked for about a week but Greathouse testified that she worked only one day, telling him that her husband did not want her to work anymore. In early January, 1976, some ten weeks after the snake incident, plaintiff was examined by an orthopedist and x-ray examination of her spine revealed no objective findings indicating disability but did reveal a congenital anomaly.

Plaintiff secured employment for several months in a department store and testified that she complained to her supervisor in the store of having back pains, but such complaint was denied by the supervisor. She did not tell the store personnel that she was quitting because of inability to perform her work or because of the pain.

In October and November of 1976, plaintiff worked at a sausage plant; and, while she testified on direct examination that she quit because her back was hurting, she admitted on cross-examination that she did not give that reason to her employer.

Dr. Bessell, the orthopedist, examined her again in September and October of 1976, and testified that he could find no objective symptoms substantiating plaintiff's complaints. He suggested that she see her family physician for an examination. She went to Dr. Thomas, who had treated her

earlier for various female problems, and whom she had seen on two occasions after the snake incident without mention of the twisting of her back. This snake incident was related first to Dr. Thomas when he examined her in September, 1976. On direct examination, Dr. Thomas testified that she had muscle spasm and limitation in her back; that his tests ruled out female and urinary problems as the cause of the symptoms he observed. On cross-examination, however, he admitted that he never did make any objective findings "and . . . couldn't see other than what the patient complained of."

In response to requests for admissions served upon it, defendant admitted that plaintiff was injured accidentally on or about October 29, 1975, while working in the course of her employment with defendant. It was also established that she received approximately $1,400 in compensation benefits from the defendant.

The jury returned a negative answer to Special Issue Number One, and all other issues being conditioned upon an affirmative answer to such issue, no other issues were answered. The issue read:

"Do you find from a preponderance of the evidence that Cynthia Fillyaw sustained an accidental injury in the course of her employment for the City of Beaumont on or about October 29, 1975, which was a producing cause of some incapacity?"

To which the jury answered, "We do not."

It being undisputed that the plaintiff did receive an accidental injury—by reason of defendant's admissions—the multifarious issue submitted a single disputed fact: producing cause of some incapacity.

■ Plaintiff's single point of error asserts that the answer to such issue is so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. After a review of the evidence under the applicable standards [e. g., *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965)], we disagree and affirm the judgment of the trial court for the reasons now to be stated.

It is trite learning, but true, as stated in *Pacific Indemnity Co. v. Arline*, 213 S.W.2d 691, 698 (Tex.Civ.App.—Beaumont 1948, writ dism'd by agr.):

"An employee's proven injury must, of course, be a legal cause of his proven disability if the disability is to be compensable under the Workmen's Compensation Law, and if this matter of causation is a fact issue, as is true here, it must be submitted to the jury for their determination."

The definition found in the charge, which comes to us without objection, is taken from *2 State Bar of Texas, Texas Pattern Jury Charges, § 22.01, at 61 (1970)*, wherein the burden of proof is placed properly upon the claimant.

The evidence upon producing cause was conflicting and was based upon the subjective complaints by the plaintiff of pain and conflicting opinion evidence from the physicians. In *Lyles v. Texas Employers' Insurance Association*, 365 S.W.2d 819, 824 (Tex. Civ.App.—Texarkana 1963, writ ref'd n. r. e.), which cited and followed *Arline, supra,* it was held:

"Resolving the conflicts and sifting the facts and opinions was a jury function and the submission to the jury was proper."

As this court said in *Horn v. Atchison, Topeka and Santa Fe Railway Co.*, 519 S.W.2d 894, 896–897 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.):

"The accident in question was, in the parlance of the trade, a 'blind' accident since only plaintiff was in position to testify as to its occurrence, how it happened, and its effect upon his body. He was an interested party and it is the general rule that the testimony of an interested party does no more than raise an issue for determination by the trier of the facts. [citations omitted]"

■ It has long been the rule in this state that opinion testimony is but evidentiary and is never binding upon the trier of the facts and it may be disregarded by the

jury. See the authorities cited by Justice Steakley in *Broussard v. Moon*, 431 S.W.2d 534, 537 (Tex.1968).

Thus, under the rules set out above, while plaintiff raised a jury issue as to producing cause, such was not established as a matter of law and the jury had the right and privilege of disbelieving all or any part of the testimony supporting such necessary element of her claim.

■ Plaintiff mentions the fact that the defendant paid her a substantial sum of money in compensation benefits but does not argue—as indeed she cannot so argue—that this constituted probative evidence of the necessary fact that her reported injury was the producing cause of her claimed incapacity. *Hartford Accident and Indemnity Company v. Hale*, 400 S.W.2d 310, 313 (Tex.1966).

Finally, relying upon *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), and the cases cited therein, plaintiff contends that she is entitled to a reversal and that we should disapprove "of a jury's action in simply disregarding and ignoring the evidence as to consequences resulting from an injury." Plaintiff does not correctly read *Dupree*. There, unquestionably, plaintiff sustained an injury which entitled him to damages and the evidence was based upon objective symptoms.

Here, plaintiff's claims to relief are predicated upon subjective symptoms. Indeed, the distinction is pointed out in the concurring opinion in *Dupree*, 481 S.W.2d at 220–221. See also *Comstock v. Ramirez*, 520 S.W.2d 475, 477–478 (Tex.Civ.App.—El Paso 1975, no writ). Indeed, as stated in *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966), "Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence that" plaintiff's alleged injury was a producing cause of incapacity under the Act. She simply failed to carry her burden of proving such fact.

The judgment of the trial court is affirmed.

AFFIRMED.