CITY OF WEST ORANGE, Appellant,

v.

The STATE of Texas ex rel. the CITY OF ORANGE, and the City of Orange, Appellees.

No. 8429.

Court of Civil Appeals of Texas, Beaumont.

April 24, 1980.

Rehearing Denied May 15, 1980.

John O. Young, Orange, for appellant.

Organ, Bell & Tucker, John G. Tucker, Beaumont, for appellees.

KEITH, Justice.

This case presents another facet of the continuing legal battle between two neighboring cities in Orange County. Both cities were organized and exist under the Home Rule Amendment, *Tex.Const. art. 11, § 5*, and *Tex.Rev.Civ.Stat.Ann. art. 1165, et seq. (1963).*[1] The dispute centers around efforts of both cities to maintain extraterritorial

---

1. This Court, in *State v. City of Orange*, 300 S.W.2d 705, 713 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.), held, except as to certain disputed territory there in issue, that "the Home Rule Charter of the City of West Orange was legally adopted."

jurisdiction over several large chemical plants located on the west bank of the Sabine River.

An order of consolidation discloses that three cases pending between the parties, Nos. A–18,460, No. A–18,639, and No. A–21,980, were consolidated for trial, but we find no pleading in No. A–18,639, so our discussion will be confined to the other two causes.

The first suit, No. A–18,460, was one brought by West Orange against Orange under the provisions of *Tex.Rev.Civ.Stat. Ann. art. 970a (1963)*, the Municipal Annexation Act, seeking judicial apportionment of the extraterritorial jurisdiction between the two cities. This suit was filed on January 20, 1972, and the cause, after consolidation, proceeded upon the amended original petition filed on that date.[2]

The second suit was a proceeding in the nature of quo warranto brought by the State of Texas by the County Attorney upon relation of Orange challenging a charter amendment and certain ordinances of West Orange. The State and Orange prevailed in that proceeding but West Orange failed to file the record in this Court within the twenty-day period required by *Tex.R. Civ.P. 384*. We dismissed the attempted appeal in the quo warranto proceedings.

West Orange went to trial on its first amended original petition alleging that it had established extraterritorial jurisdiction over the territory by virtue of its Ordinance No. 120 adopted May 18, 1970. It also asserted that it had a population of more than 5,000 on August 23, 1963.[3]

Issue was joined on both counts and at the conclusion of the bench trial, the court found that the territory described in Ordinance No. 120 was totally overlapped by territory already within the extraterritorial jurisdiction of Orange. The Court also found that Orange Ordinance No. 1960–22, adopted in 1960, was a valid ordinance which laid claim to the territory which West Orange attempted to annex ten years later.

Extensive findings of fact and conclusions of law, all favorable to Orange, were filed in support of the judgment. Both parties offered testimony from witnesses in their attempts to establish (or defeat) the claim of the 5,000 inhabitants upon the critical date. No one pretends that there was an actual head count on the target date so that each witness gave his own opinion, based upon his research and the facts available to him, as to the population on the date in question. It would serve no useful purpose to go into detail on this facet of the case since the witnesses for both parties simply extrapolated from the underlying data to arrive at their final opinion.

There was evidence which, had it been accepted by the trier of the facts, would have supported a finding that on the data in question the population was in excess of 5,000 persons; but, the trial court did not so find. Instead, it found that there was a lesser number.

■ It is now well established in this state that opinion testimony does not establish any material fact as a matter of law, but is merely evidentiary and not binding upon the trier of the facts. *Broussard v. Moon*, 431 S.W.2d 534, 537 (Tex.1968); *Fillyaw v. City of Beaumont*, 564 S.W.2d 139, 141–142 (Tex.Civ.App.—Beaumont 1978, no writ).

■ As noted earlier, the trial court's findings of fact were against West Orange. In such a case, the general rule is that if there is some evidence of a substantial and probative character to support the trial court's findings of fact, they are controlling

2. In January 1972, the trial court sustained a plea in abatement in No. A–18,460 and West Orange appealed to this Court where the cause bore our No. 7361. Orange confessed error and we reversed the judgment in an unpublished opinion dated May 25, 1972. Trial in the consolidated action was had upon the identical pleading which we had before us in 1972.

3. The date mentioned is the effective date of the Municipal Annexation Act (Art. 970a). See *Deacon v. City of Euless*, 405 S.W.2d 59, 61 (Tex.1966); *City of Kennedale v. City of Arlington*, 532 S.W.2d 668, 671 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.).

upon the reviewing court and will not be disturbed, even though the appellate court may have reached a different conclusion. *Commercial Union Assurance Co. v. Foster*, 379 S.W.2d 320, 322–323 (Tex.1964); *United States Fidelity & Guaranty Co. v. Borden Metal Products Co.*, 539 S.W.2d 170, 172 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.).

Moreover, as we read appellant's brief, West Orange does not directly attack the trial court's findings of fact which were adverse to its present contentions. In the absence of a proper attack on material findings of fact, they are binding on appellant and must be accepted by this Court. *Smith v. Hues*, 540 S.W.2d 485, 489 (Tex.Civ.App. —Houston [14th Dist.] 1976, writ ref'd n. r. e.), and authorities therein cited.

We also invoke the rule which was stated in these words in *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas*, 516 S.W.2d 138, 142 (Tex.1974):

"It is the duty of the appellate courts to sustain the judgment of the trial court if it is correct on any theory of law applicable to the case. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939)."

See also, *State ex rel. Russell v. Knorpp*, 575 S.W.2d 401, 405 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.).

Having reviewed the record in accordance with the applicable rules, we overrule the first point of West Orange set out in the margin.[4]

The second point of error, quoted in the margin,[5] attacks the trial court's determination that the buffer strip annexation ordinance of 1960 was valid. It is to be noted that no challenge of the findings of fact

and conclusions of law are included in the point now under review. Thus, we reiterate our prior holding as to the binding effect of the trial court's unchallenged findings and conclusions.

West Orange contends that the strip ordinance is void because (1) the first boundary call could not be located on the ground, consequently the entire ordinance was ineffective; and (2) the long and narrow strip was void under the holding in *City of Pasadena v. State ex rel. City of Houston*, 442 S.W.2d 325, 328 (Tex.1969).

Admittedly, there was an error made in the first call of the description of the land enclosed in the 15-foot buffer strip ordinance of Orange.[6] Two competent surveyors brought by West Orange, Smith and Verrett, testified that there was no "C. L. Brown 32.8 acre tract", consequently, they could neither begin nor close the description on the ground.

On the other hand, Orange brought two competent and licensed surveyors, Klinkhamer and Shaw, who gave their opinion. They could not find the C. L. Brown tract mentioned in the first call but, when they eliminated reference to the Brown tract, they had no difficulty in locating the beginning point on the ground. As noted, the trial court accepted the testimony of Klinkhamer and Shaw in the findings and conclusions which were filed. Descriptions of boundaries of cities are not required to have the particularity ordinarily found in deeds. *State v. City of Fort Worth*, 339 S.W.2d 707, 709 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n. r. e.). See also, *City of Wichita Falls v. Vogtsberger*, 526 S.W.2d

---

4. First Point: "The trial court erred in finding the population of the City of West Orange, Texas, to be 4,869, and less than 5,000, on August 23, 1963, giving it an extraterritorial jurisdiction of ½ mile instead of 1 mile."

5. Second Point: "The trial court erred in finding the City of Orange's fifteen (15') foot Buffer Strip Ordinance No. 1960–22 adjacent to the City of Orange and a valid Ordinance."

6. Ordinance No. 1960–22: "BEGINNING at a point on the present City Limits line of the City of Orange, Texas; said point being the Southeast corner of the C. L. Brown 32.8 acre tract in the E. C. Hall Survey A–277 and also being in the West right-of-way line of Foreman Road, point for corner;

&ast; &ast; &ast; &ast; &ast; &ast;

[Final Call] "THENCE East with the South line of C. L. Brown 32.8 acre tract a distance of 15 feet to the POINT OF BEGINNING."

618, 620–621 (Tex.Civ.App.—Fort Worth 1975).[7]

Even in condemnation cases, where the land is described with sufficient certainty to be properly identified and located upon the ground, a false or contradictory element of description has been held to be harmless. *Roberts v. County of Robertson*, 48 S.W.2d 737, 738 (Tex.Civ.App.—Waco 1932, writ ref'd); *Wilemon v. State*, 385 S.W.2d 573, 575 (Tex.Civ.App.—Dallas 1964), reversed on other grounds, 393 S.W.2d 816 (Tex. 1965). A similar rule is utilized to uphold the validity of a deed. See, e. g., *Reserve Petroleum Co. v. Harp*, 148 Tex. 448, 226 S.W.2d 839, 841 (1950): *Punch v. Gerlach*, 267 S.W.2d 182, 186 (Tex.Civ.App.—Beaumont 1954, writ ref'd n. r. e.).

■ We have given careful consideration to the authoritative case of *State v. City of La Porte*, 386 S.W.2d 782, 788 (Tex.1965), where some of the cases cited earlier were considered and distinguished. The case at bar is an instance "where an ordinance itself contains sufficient information from which the court can ascertain the intent of the enacting body." (386 S.W.2d at 788) Our review of the cases convinces us that the trial court did not err in finding that Orange Ordinance No. 1960–22 contained a legal description of the territory annexed.

West Orange relies heavily upon *City of Pasadena v. State ex rel. City of Houston*, supra, in its attack upon the strip ordinance. It must be admitted that there is some similarity in the Houston ordinance involved in the cited case and the Orange ordinance now under consideration.[8] However, in *Pasadena*, supra, no mention was made of any validating acts between the adoption of the Houston ordinance and the commencement of litigation over the validity of the ordinance.

The challenged ordinance of Orange, No. 1960–22, was adopted on September 13, 1960, and this litigation did not begin until January 1972. During the period when the ordinance was not in litigation, the Legislature passed one or more validating acts which may have a bearing on the question now before us.

We confine our discussion to *Tex.Rev.Civ. Stat.Ann. art. 974d–13 (1963–1979 Pamp. Supp.)*, the validating act adopted by the 61st Legislature in 1969, effective on March 13, 1969. *Sec. 3* of the cited statute, quoted in the margin,[9] specifically validates extensions of boundary lines.

In *City of Grand Prairie v. Turner*, 515 S.W.2d 19, 23 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.), the Court wrote:

"We address ourselves first to the effect of the said validating act. Such an act has the effect of validating annexations of a city, even though such annexation proceedings were totally void *ab initio*, unless the annexation is contrary to the Constitution. . . . Such curative acts have been held to validate deficiencies complained of in the extension of the boundary lines and corporate limits of a city. . . ." (emphasis in original, citations omitted)

■ Orange Ordinance 1960–22, adopted many years before the effective date of the Municipal Annexation Act, was not contrary to any provision in the constitution. The validating act is broad in its terms and should be liberally construed. *Perkins v. State*, 367 S.W.2d 140, 147 (Tex.1963); *Bean v. Town of Vidor*, 440 S.W.2d 676, 682 (Tex. Civ.App.—Beaumont 1969, writ ref'd n. r. e.).

7. *Vogtsberger* was reversed by the Supreme Court; but, the Court held: "We agree with the Court of Civil Appeals that the description of the territory to be annexed by the ordinance in question was sufficient. See the cases there cited." *City of Wichita Falls v. State ex rel. Vogtsberger*, 533 S.W.2d 927, 930 (Tex.1976).

8. We are not persuaded that the two cases can be distinguished, as suggested by counsel for Orange, upon the basis of direct v. collateral attack. Pasadena occupied the same posture in the cited case as occupied by West Orange in the case at bar.

9. "Sec. 3. The boundary lines of all such cities and towns, including both the boundary lines covered by the original incorporation proceedings and any subsequent extensions thereof are hereby in all things validated."

We are of the opinion that the provisions of the validating act of 1969, *Art. 974d–13, § 3*, removed and corrected the defects in the challenged Orange ordinance. West Orange's point two is overruled.

In its third point of error, West Orange complains of the apportionment of the territory in the overlapping areas adjacent to the two cities. In its answer and cross action, Orange alleged and offered proof that only two small tracts were subject to judicial apportionment under the provisions of *Sec. 3, subd. B*, of the Municipal Annexation Act. When the parties were unable to agree upon the apportionment following the entry of an interlocutory order, the Court heard additional testimony on the apportionment and filed findings of fact and conclusions of law, none of which have been attacked directly by West Orange.

The basic complaint is that this order did not award West Orange at least ten percent of the territory in the area to which it claims to have been entitled. It argues that it "was entitled to a much larger apportionment under Article 970a, either under a one-half mile finding or a one mile finding if its population exceeds 5,000 as the proof showed."

■ The point of error, submitted without supporting authority, has been considered and found to be without merit. The major premise is false—there was no overlapping area save and except the two small tracts which contained a total of 252.475 acres of land. Except for these two tracts, West Orange had attempted to annex territory which we have determined earlier was lawfully annexed to Orange.

In apportioning the 252.475 acres between the competing cities, the trial court followed the statutory provisions and we find neither error nor abuse of discretion therein. See and compare *State ex rel. City of Colleyville v. City of Hurst*, 521 S.W.2d 727, 730 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

Having dismissed the attempted appeal from the part of the judgment in the quo warranto proceedings, we do not reach nor do we determine the fourth point of error complaining of action of the trial court in that facet of the litigation.

We have examined the entire record in the light of the several attacks made thereon by the appellant and, finding no error, the judgment of the trial court is affirmed.

DIES, C. J., not participating.