**CITY OF WEST ORANGE, Petitioner,**

v.

**The STATE of Texas ex rel. the CITY OF ORANGE, Respondents.**

No. B–9538.

Supreme Court of Texas.

Jan. 21, 1981.

On Rehearing Feb. 18, 1981.

John O. Young, Orange, for petitioner.

Feagin W. Windham, Orange, Orgain, Bell & Tucker, John G. Tucker, Beaumont, for respondents.

RAY, Justice.

This is a municipal annexation dispute in which the cities of Orange and West Or-ange seek determination of extraterritorial jurisdiction over several large chemical plants located on the west bank of the Sabine River. On January 20, 1972, West Orange, petitioner, brought suit against Orange, respondent, under the Municipal Annexation Act, Article 970a,[1] requesting judicial apportionment of the overlapping extraterritorial jurisdiction between the two cities. Orange filed a cross-action against West Orange concerning the apportionment. West Orange's answer to the cross-action challenged as void the Orange Industrial Buffer Strip, ordinance No. 1960–22. On July 6, 1977, Orange brought a quo warranto proceeding challenging a West Orange election amending its city charter and annexing land allegedly within the extraterritorial jurisdiction of Orange. These two suits, as well as a third, of which no pleadings are contained in the transcript, were consolidated for trial.

The trial court, sitting without a jury, rendered judgment for Orange, upholding an Orange annexation ordinance which created a fifteen foot wide buffer strip around the "Chemical Row" industrial area. The court of civil appeals affirmed, holding that any defects in the challenged Orange ordinance were removed and corrected by the 1969 validating act, Article 974d–13, section 3. 598 S.W.2d 387. We reverse the judgments of the courts below.

1. All statutory references are to Vernon's Texas Civil Statutes Annotated.

ORANGE

WEST ORANGE

ORANGE INDUSTRIAL
BUFFER STRIP

SABINE RIVER

N

West Orange has perfected its appeal from the apportionment order and from the trial court's determination that the Orange Industrial Buffer Strip, ordinance 1960–22 was valid. The attempted appeal by West Orange in the quo warranto proceeding was dismissed as untimely by the court of civil appeals. 598 S.W.2d at 389.

The Orange Industrial Buffer Strip is fifteen feet wide; touches the City of Orange for fifteen feet on either end; touches the City of West Orange for approximately 1.8 miles; and it encircles a large industrial area not annexed by either city. A similar strip annexation was held by this court to be void as an annexation of non-adjacent territory in *City of Pasadena v. State ex rel. City of Houston*, 442 S.W.2d 325, 328 (Tex.1969). In *Fox Development Co. v. City of San Antonio*, 468 S.W.2d 338 (Tex. 1971), we explained that the holdings in *Pasadena* and in *City of Irving v. Dallas County Flood Control District*, 383 S.W.2d 571 (Tex.1964) were based on what we termed "controlling adjacency". We wrote that "controlling adjacency" "rested upon the disproportionate touching of the respective city boundaries, and not upon the size, shape or character of the strips of land in question in relation to the cities involved." 468 S.W.2d at 340–341.

We hold the Orange Industrial Buffer Strip ordinance No. 1960–22 to be invalid for the reason that the strip was neither adjacent to Orange when the ordinance was passed, nor at any subsequent time.

In the present case, the court of civil appeals affirmed the trial court's judgment upholding Orange's buffer strip. It distinguished this case from *Pasadena* on the basis of a validating statute, Article 974d–13, section 3. That statute and other validating statutes which the Legislature has regularly enacted for years provide in very broad language that the boundary lines of certain cities and towns, "including both the boundary lines covered by the original incorporation proceedings and by any subsequent extension thereof, are hereby in all things validated." *E. g.*, Article 966f

(1959), Article 966h (1961), Article 974d–5 (1955), Article 974d–6 (1957), Article 974d–11 (1965). *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722 (Tex. 1971).

We noted in *West Lake Hills* and in *City of Waco v. City of McGregor*, 523 S.W.2d 649 (Tex.1975) that the question of applicability of these and similar validating statutes is not one of legislative power but rather statutory construction. The Legislature has repeatedly limited the extension of any city or town to contiguous and adjacent area. We reiterate our holding in *West Lake Hills*, "In view of the repeated requirement of adjacency in the statutes, we do not believe that the validating statutes should be construed to a different effect in the absence of specific and express provision." 466 S.W.2d at 729–730.

A second reason that the Orange Industrial Buffer Strip ordinance No. 1960–22 was not validated is that it extends the boundary line of Orange by annexation into the extraterritorial jurisdiction of West Orange. In 1963, the Municipal Annexation Act, Article 970a, created the concept of extraterritorial jurisdiction and forbade annexation by one city of land in the extraterritorial jurisdiction of another. The Orange annexation came before there was such a thing as extraterritorial jurisdiction. However, the earliest validating act urged by Orange was effective in 1965, well after West Orange had acquired its extraterritorial jurisdiction. Since the 1960 Orange annexation was void at least until the 1965 validating act, it stands in no better position than if it had first been passed in 1964. If it had first been passed in 1964 it would have at that time included part of West Orange's extraterritorial jurisdiction. Un-

der our holding in *City of Waco v. City of McGregor*, the validating acts do not cover the extension of a boundary line by annexation into the extraterritorial jurisdiction of another city. 523 S.W.2d at 653–654. The various validating statutes enacted since our *West Lake Hills* and *City of McGregor* decisions have supported our interpretation of the legislative intent.[2]

 Apportionment of the overlapping extraterritorial area between towns and cities with conflicting claims to that land is within the province of the District Court. Article 970a, section 3B. Accordingly, we reverse the judgments of the courts below and remand the cause to the trial court for its consideration of the apportionment of the overlapping extraterritorial jurisdictions of Orange and West Orange.

## ON MOTION FOR REHEARING

In our former judgment we reversed the judgment of the trial court on a point concerning the validity of the Orange Industrial Buffer Strip. The cause was remanded to the trial court for its consideration of the apportionment of the overlapping extraterritorial jurisdictions of Orange and West Orange. In its motion for rehearing Orange has asked for clarification of the issue to be tried by the court below. The trial upon remand should not include a retrial of the population issues which have already been once fairly tried. See Tex.R. Civ.P. 503; *Cochran v. American Savings & Loan Association of Houston*, 586 S.W.2d 849 (Tex., 1979). No further motions for rehearing will be entertained.

---

**2.** Article 974d–30, section 2, effective June 13, 1979, is illustrative:

The boundary lines of the cities and towns, including any subsequent extensions of the boundaries by annexation, and the reduction or contraction of the boundaries by the discontinuation and disannexation of territory are validated in all respects, except that the extension of a boundary line by annexation into the extraterritorial jurisdiction of another city or town or the incorporation of a city or town in the extraterritorial jurisdiction of another city or town without that city's or town's consent, in violation of the Municipal Annexation Act, as amended (Article 970a, Vernon's Texas Civil Statutes), is not validated by this Act.