**Terry D. SMITH, Appellant,**

v.

**Judith Thomas WILLIAMS, et al., Appellees.**

**No. 08–89–00133–CV.**

Court of Appeals of Texas, El Paso.

Oct. 11, 1989.

Rehearing Denied Nov. 8, 1989.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellant.

John E. Westbrook, Midland, Dan G. Young, McCleskey, Barriger, Brazill & Graf, Lubbock, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellant appeals from the granting of summary judgments to several Appellees. We affirm.

## FACTS

In 1971, Appellant, Terry D. Smith, purchased three tracts of land.

(1) A four-acre tract on which was situated the Wolcott Gin (which we shall refer to as Tract # 1); and

(2) A 3.44–acre tract across the road from the gin (Tract # 2 and the only tract involved in this litigation); and

(3) A nearby five-acre tract (Tract # 3).

In 1974, the gin was incorporated as the Wolcott Gin, Inc., and the three tracts of land were conveyed by Smith to the corporation.

In June of 1977, Wolcott Gin, Inc., by mineral deed, conveyed the mineral interest in the three tracts of land to Appellant, Terry D. Smith. At this time, Appellant sold all of his stock in Wolcott Gin, Inc., to Derrell Froman and others. The corporate name was changed to Mar–Co Gin, Inc. As part of the sale consideration, Mar–Co Gin, Inc., executed a promissory note, payable to Appellant Smith in the sum of $680,-000.00. The indebtedness was secured by a deed of trust on the three tracts of land. A .24509804 interest in the $680,000.00 note and lien were conveyed by Appellant Smith and his wife in trust for benefit of their children with Terry D. Smith named as trustee.

Appellant Terry D. Smith in 1983, being indebted to The Plains National Bank, executed a transfer of lien to the bank; the effect of which was to transfer at least his interest in the $680,000.00 note from Mar–Co Gin, Inc., and the deed of trust lien on the Tract # 1 and Tract # 2 of land which had secured the note. The transfer of lien instrument is the center of the entire litigation that followed. In that transfer of lien instrument signed by Appellant Terry D. Smith there is contained the following language after reference is made to the Mar–Co Gin, Inc., note and deed of trust:

.     .     .     .     .

I, TERRY SMITH, the payee of and owner and holder of said note, for and in consideration of the sum of TEN AND NO/100 ($10.00) Dollars to me in hand paid by THE PLAINS NATIONAL BANK OF LUBBOCK have Sold, Transferred and Conveyed, and do hereby Sell, Transfer and Convey unto said THE PLAINS NATIONAL BANK OF LUBBOCK the said note and said lien and all liens *and titles* held by me in and to said land. [Emphasis added].

Appellant's children's .24509804 interest in the $680,000.00 note and lien was not transferred to The Plains National Bank of Lubbock until some time later when Appellant Terry Smith became in default of his indebtedness to the bank. An identical form of transfer of lien instrument was then executed by Appellant Terry D. Smith

in his capacity as trustee of his children's .24509804 interest whereby the children's interest in the note and lien and "all liens and titles" in and to said land was transferred to The Plains National Bank of Lubbock.

As a result of Appellant's default, The Plains National Bank of Lubbock foreclosed and sold the secured property by special warranty deed to Derrell Froman and his wife, Leta Froman, "subject to mineral reservations of record." The Fromans as part of the consideration for the purchase price executed a $470,000.00 note payable to the bank and granted a vendor's and deed of trust lien to the bank as security. Shortly thereafter, the bank executed a partial release of lien to the Fromans, releasing the vendor's and deed of trust lien on the "mineral estate" of Tract #2 (the 3.44 acres across the road from the gin). The Fromans then conveyed by mineral deed this same Tract #2 to Judith Williams.

Judith Williams then filed her declaratory judgment seeking to have the court declare her the rightful and lawful owner of the mineral interest under Tract #2 as a result of Appellant Tommy D. Smith's 1983 instrument of conveyance to The Plains National Bank of Lubbock. Appellant Tommy D. Smith responded by filing only a general denial and a trespass to try title counterclaim suing the Appellees Judith Williams and her husband, the Fromans and The Plains National Bank of Lubbock.

The Plains National Bank of Lubbock filed a Motion for Summary Judgment as a result of Appellant's trespass to try title suit.

Judith Williams, her husband and the Fromans (husband and wife) filed their Motion for Summary Judgment. Judith Williams sought summary judgment on the basis that she was entitled to be vested with the mineral interest in Tract #2 (which she claimed as her separate property). Also Judith Williams, her husband, J.B. Williams and the Fromans (husband and wife) sought summary judgment as to the trespass to try title counterclaim filed by Appellant Tommy D. Smith.

Appellant Tommy D. Smith also filed a Motion for Summary Judgment asserting that the mineral interest never passed to The Plains National Bank of Lubbock by the transfer of lien instrument and, therefore, none of the named parties or the bank ever acquired any mineral interest from him.

After hearing the motions, the trial court entered judgment in favor of the Appellees Judith Thomas Williams and her husband Joseph Brooks Williams, Derrell and Leta Froman, and also The Plains National Bank of Lubbock. The trial court also dismissed Appellant Tommy D. Smith's counterclaim.

## POINTS OF ERROR

Point of Error No. One asserts the trial court erred in granting summary judgment for the Williams, the Fromans and the bank because the summary judgment proof was legally insufficient due to material issues of fact that existed.

Point of Error No. Two asserts that the trial court erred in failing to grant summary judgment in favor of Smith and erred in dismissing Smith's trespass action without hearing Smith's Motion for Summary Judgment because the evidence showed as a matter of law that Smith transferred his interest as a mortgagee and not as a fee owner of the minerals.

Point of Error No. Three asserts that the trial court erred in granting summary judgment against Smith because the transfers of lien transferred only a mortgagee's interest and not a fee owner's interest as a matter of law.

Point of Error No. Four asserts alternatively that the trial court erred in granting summary judgment against Smith because the transfer of lien instrument is ambiguous and therefore a fact issue was raised preventing summary judgment.

Point of Error No. Five asserts alternatively that the oral agreement between Smith and the bank to transfer only the security interest raises a fact issue preventing summary judgment.

*Did the instrument signed by Terry D. Smith convey to the bank his mineral*

*interest in Tract # 2 or only his mortgagee's interest under the deed of trust from Mar–Co Gin, Inc?*

We agree with Appellant's contention that to uphold the trial court's judgment for the Appellees, we must find not only that the instrument is unambiguous but that by the use of the word "titles" in the transfer of lien instrument, the Appellant Smith conveyed not only his mortgagee's interest under the deed of trust but his fee ownership in the minerals.

Appellant Terry D. Smith did not file a response to Appellees' Motions for Summary Judgment. As previously stated, Appellant's only answer to the declaratory judgment pleadings was merely a general denial. Appellant did not plead ambiguity, fraud, accident or mistake, nor make a plea for reformation as to the transfer of lien instrument signed by him.

*Harlan v. Vetter,* 732 S.W.2d 390 (Tex. App.—Eastland 1987, writ ref'd n.r.e.) set out a three-prong test to determine if a document is a conveyance: (1) one must determine if the grantor and grantee may be ascertained; (2) the instrument must be signed and acknowledged by the grantor; (3) there must be sufficient words of grant showing an intent to convey title.

There is no argument as (1) and (2) above being satisfied and, therefore, we turn to (3) to determine if the transfer of lien was a conveyance. In the granting clause, it clearly states: "I, TERRY SMITH ... have Sold Transferred, and Conveyed, and do hereby Sell, Transfer and Convey unto said THE PLAINS NATIONAL BANK OF LUBBOCK ... the said note and lien and all liens and titles held by me in and to said land." On its face, this instrument contains sufficient words of grant to show a clear intent to convey title. To interpret a deed, the court must ascertain the intent of the parties. This does not mean the intent the parties might have had but failed to express in the instrument, but is the intent that is expressed in the instrument. In other words, it is not what they meant to say but the meaning of what they did say. *Alford v. Krum,* 671 S.W.2d 870 (Tex.1984). Appellant urges that since

the printed form used contained the printed words at the top "Transfer of Lien" this is indicative of an intent to operate as a collateral assignment, a security interest in the collateral. However, the granting clause is what controls and prevails over all other provisions. *Id.*

### CONCLUSION

The special warranty deed the Fromans received from The Plains National Bank of Lubbock conveyed whatever interest the bank had in the land, including any fee mineral interest owned by Appellant and cannot be considered any notice to the Fromans or the Appellees Williams of any reservation of the mineral interest asserted now by Appellant.

We find that the transfer of lien instrument is unambiguous and, therefore, resulted in the conveyance by Appellant Tommy D. Smith of his mineral interest in Tract # 2. Therefore, the trial court properly granted the Appellees' Motions for Summary Judgment.

Points of Error Nos. One through Five are overruled.

We affirm the judgment of the trial court.