John E. Westbrook, Midland, George H. McCleskey, Dan G. Young, Lubbock, for respondents.

**Terry D. SMITH, Petitioner,**

v.

**Judith WILLIAMS, James Williams, Derrell Froman, Leta Froman, and The Plains National Bank, Respondents.**

**No. C–9391.**

Supreme Court of Texas.

Feb. 28, 1990.

Rehearing Overruled May 2, 1990.

### PER CURIAM.

The issue presented in this case is whether execution of an instrument conveying a note and lien "and all liens and titles held ... in and to said land" transfers the severed mineral estate in the land. The trial court granted summary judgment that this language conveyed the mineral estate. The court of appeals affirmed. 779 S.W.2d 479. We reverse.

Wolcott Gin, Inc., a company owned by Terry Smith, conveyed to Smith the mineral estate in three tracts of land. At the same time, Smith sold his stock in that company to Derrell Froman and others. In return, the company executed a $680,000 promissory note to Smith, secured by a deed of trust on the three tracts. Smith recorded the deed of trust five minutes after the mineral deed. Smith later became indebted to The Plains National Bank of Lubbock ("PNB") on a separate obligation and transferred the note and the lien to PNB to secure the debt. Smith and bank officials agreed that the transfer would not involve the mineral estate which Smith held but would transfer only the note and the lien. The transfer of lien stated Smith "sold, transferred and conveyed, and do[es] hereby sell, transfer and convey unto said THE PLAINS NATIONAL BANK OF LUBBOCK ... the said note and said lien and all liens and titles held by me in and to said land." Subsequently, Smith defaulted on the debt; and PNB foreclosed on, and purchased, the

lien. PNB conveyed the land in question to the Fromans, who later conveyed the interest to Judith Williams. Williams sued Smith to obtain a declaration that the transfer of lien conveyed title to Smith's mineral interest in Williams' land. Smith brought a counterclaim for trespass to try title and joined Derrell and Leta Froman, PNB and Williams' husband, James.

The court of appeals' opinion, which affirms the trial court's grant of summary judgment in favor of Williams, is in direct conflict with a prior decision of this court which controls the facts of this case. In *Humphreys–Mexia Co. v. Gammon*, 113 Tex. 247, 254 S.W. 296 (1923), Kennedy conveyed to Sanches the surface estate in a tract of land but reserved the mineral estate. In return, Sanches executed a series of five promissory notes the payment of which was secured by an accompanying vendor's lien. Kennedy later assigned the notes and the lien to a creditor. The assignment stated that Kennedy had "bargained, sold and conveyed, assigned and set over to the said Rotan Grocery Company my lien on said land and have and do[es] hereby bargain, sell and quitclaim *all my right, title, interest, estate, claim and demand, both legal and equitable, in and to said land and every part thereof....*" *Id.* 113 Tex. at 254, 254 S.W. at 298 (emphasis supplied). This court found that Kennedy was the holder in fee of the mineral estate, which was severed from the surface estate. As to the surface estate, Kennedy held the legal title as trustee, without any beneficial interest. We further determined that "said land" referred only to that conveyed by Kennedy to Sanches, *i.e.*, the surface estate. The court held that Kennedy conveyed only the notes, the lien reserved to secure them, and the legal title retained by Kennedy for the same purpose, and did not convey the mineral estate. *Id.*

Similar circumstances were presented in *Carminati v. Fenoglio*, 267 S.W.2d 449 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.). There, Barney Fenoglio conveyed land to Carminati and reserved the mineral estate in the property. In return, Carminati gave Fenoglio notes and a vendor's lien on the surface estate to secure payment of the notes. Subsequently, Fenoglio transferred the notes and lien to Mrs. K.D. Fenoglio. The transfer stated that Barney does "hereby [b]argain, sell and [q]uitclaim all my right title, interest, estate, claim and demand both legal and equitable, in and to said land and every part thereof...." *Id.* at 451. Following *Humphreys–Mexia*, the court held that no minerals were conveyed by virtue of the assignment of the notes and lien to Mrs. Fenoglio. *Accord Armstrong v. Humble Oil & Refining Co.*, 145 S.W.2d 692, 697–98 (Tex.Civ.App.—El Paso 1940, writ dism'd judgmt cor.); *Pagel v. Pumphrey*, 204 S.W.2d 58, 64 (Tex.Civ. App.—San Antonio 1947, writ ref'd n.r.e.).

In reviewing a summary judgment, we must determine whether there exists any disputed material fact that would preclude summary judgment. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984). No issues of material fact remain as to Williams' declaratory judgment action because, as a matter of law, the transfer of lien assigned only the note, the lien reserved to secure it, and the legal title retained by Smith for the same purpose, and did not convey the mineral estate Smith had reserved. The trial court erred in granting summary judgment for the Respondents and in not granting summary judgment for Smith. The court of appeals erred in affirming the trial court.

Because the court of appeals' opinion is in conflict with our decision in *Humphreys–Mexia Co.*, we grant application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the trial court for further proceedings consistent with this opinion. *See* Tex.R.App.P. 133(b).