**Connie TATE, et al., Appellants,**

v.

**Henry SARTAIN, Jr., et al., Appellees.**

**No. 9800.**

Court of Appeals of Texas,
Texarkana.

June 5, 1990.

Rehearing Denied July 3, 1990.

Gregory D. Smith, Ramey, Flock, Jeffus, Crawford, Harper & Collins, Tyler, for Amoco & Exxon.

Chad Dean, Henderson, for Tate, Lacey, Barclay, Rhoden, Brown, McDonald.

Robert Minton, Henderson, for appellees.

CORNELIUS, Chief Justice.

Appellants complain of a trial court judgment declaring an instrument to be a release of vendor's lien. They assert that the instrument, which is from Lon Smith to John Cousins, is a quitclaim deed of all Smith's interest in the land it describes, including a mineral interest which Smith previously reserved in a deed to James McCannon. Appellees contend that the instrument was only a release of the vendor's lien securing the notes which McCannon gave Smith for the purchase price of the land, and did not convey the previously reserved mineral interest. We find that the trial court's construction was correct and affirm the judgment.

On August 11, 1910, Lon Smith conveyed 101⅓ acres of land to James McCannon, but reserved the minerals. Consideration for the conveyance was $700.00, represented by seven promissory notes for $100.00 each, executed by McCannon, payable to Smith, and secured by a vendor's lien. On April 15, 1915, McCannon conveyed the property to John Cousins in consideration for Cousins' payment to Smith of the vendor's lien notes owed by McCannon. On the same day, Smith executed the instrument in question which reads as follows:

That I Lon A. Smith of the above named State and County for and in consideration of Seven hundred and sixteen dollars to me paid by John Cousins for James McCannon in full discharge of seven purchase money notes for one Hundred dollars each executed to me by James McCannon August 11, 1910, in purchase of 101⅓ acres of the E.R. Jones Survey of land about six miles North East from Henderson in Rusk County, Texas by deed dated Aug. 11, 1910, fully describing said notes and said land the receipt of which sum is acknowledged by the delivery of this instrument:

Have bargained, sold, conveyed and released, and do by these presents bargain, sell, convey and release unto said John Cousins of Rusk County, Texas, and unto his heirs and assigns, all and singular every right priority, equity, interest and claim I have in and to the following described tract or parcel of land, being part of the E.R. Jones survey about six miles North East from Henderson in Rusk County, Texas bounded as follows:

Beginning at the South West corner of a 320 acre tract of said survey conveyed by J.J. Murphy to J.D. Tate 950 varos (sic) East of South West corner of said Jones Survey, thence East with South line of the Jones Survey 960 varos (sic) to the South West corner of the Isham Chisum tract, thence North with the Isham Chisum tract 600 varos (sic) to corner on its West boundary line, thence West 950 varos (sic) to corner on the West line of said 320 acre tract, thence South with said line 600 varos (sic) to the place of beginning containing 101⅓ acres of land:

Witness my signature April 15, 1915.

Appellants claim title to various mineral and leasehold interests through John Cousins. Appellees claim title through Lon Smith.

Appellants filed suit for declaratory judgment. Both groups of claimants filed motions for summary judgment. The only summary judgment evidence was documentary, in the form of authenticated copies of the instrument in question, the deed from Smith to McCannon, and the deed from McCannon to Cousins.

The trial court rendered summary judgment declaring that the Smith/Cousins instrument was the release of a vendor's lien and did not convey the mineral interest

reserved by Smith. We conclude that the court was correct.

█ Where by its recitals an instrument connects itself with a prior conveyance, the two conveyances are to be construed together to determine the intention and effect of the instrument. *Humphreys–Mexia Co. v. Gammon,* 113 Tex. 247, 254 S.W. 296 (1923); *Sanborn v. Crowdus Brothers & Co.,* 100 Tex. 605, 102 S.W. 719 (1907). The instrument in question is connected with the prior Smith–McCannon deed by the recitation of the date, the parties, the amount of consideration (the number and amount of each promissory note), and the land description (both total acreage and metes and bounds) of that deed. Indeed, it incorporates the deed by referring to it as "fully describing said notes and said land." As stated by the Supreme Court in the *Sanborn* case, "by its recitals it connects itself with the former conveyance recited, and the two are thus made the complement of each other." *Sanborn v. Crowdus Brothers & Co.,* supra.

█ Construing the instruments together, it is clear that the intention of the latter one is not to make a conveyance of the reserved mineral interest, but simply to release all rights and titles existing by virtue of the vendor's lien notes and lien securing them. *See Smith v. Williams,* 786 S.W.2d 665 (Tex.1990); *Humphreys–Mexia Co. v. Gammon, supra; Rio Bravo Oil Co. v. McEntire,* 128 Tex. 124, 95 S.W.2d 381 (Tex.Comm'n App.1936, opinion adopted); *Carminati v. Fenoglio,* 267 S.W.2d 449 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.); *Armstrong v. Humble Oil & Refining Co.,* 145 S.W.2d 692 (Tex.Civ.App.—El Paso 1940, writ dism'd judgmt cor.). There is certainly nothing to indicate a contrary intention. The only consideration recited is the payment of the notes, there is no designation of the instrument as a deed, there is no habendum clause, and the land specifically described is the same 101⅓ acres in the E.R. Jones Survey referred to in the consideration clause as having been conveyed in the Smith–McCannon deed. Thus, as a matter of law, the intention of the instrument was only to release and quitclaim the rights which Smith retained in the estate previously conveyed, viz, the bare legal title to the surface which he held by virtue of the vendor's lien. *Humphreys–Mexia Co. v. Gammon, supra.*

Appellants argue that this case does not come within the rule of the cases which are cited above because the instrument does not merely refer to "said land" described in the previous deed, but goes further and describes the land by metes and bounds without any limitation or exception. We disagree. While the instrument does not use the words "said land" in the granting clause, it describes the same 101⅓ acre tract earlier referred to in the instrument as having been conveyed by the deed, and thus ties itself to that estate. It would be a strained and unnatural construction to say that the land described in the instrument is not intended to be identified as the same land conveyed by the deed.

█ Appellees also contend that because the Smith–Cousins instrument contains words of conveyance it transferred the mineral estate. The use of words of conveyance in a release of vendor's lien does not operate to convey the grantor's entire interest. *See* 5 F. Lange, *Land Titles and Title Examination* § 669 (Texas Practice 1961).

The trial court properly granted appellees' motion for summary judgment. The instruments clearly disclose that Smith's intention was not to convey the reserved mineral estate but to release the vendor's lien.

The judgment of the trial court is affirmed.